S/I

**FEE PAID**

1  Pastor LB Brena
2  2338 Pasadena Avenue
   Long Beach, CA. 90806
3  Pastorlbl9@gmail.com

4
   MS Blackwell
5  16129 Hawthorne Blvd., D377
   Lawndale, California 90260
6  Msblackwell3000#gmail.com
7

8  Plaintiffs in *Propria Persona*

9

```
FILED
CLERK, U.S. DISTRICT COURT

5/13/24

CENTRAL DISTRICT OF CALIFORNIA
BY: _____ eee _____ DEPUTY
```

10            **UNITED STATES DISTRICT COURT**
             **CENTRAL DISTRICT OF CALIFORNIA**
11

12  **Pastor LB Brena**, **MS Blackwell**, **Jane**            Case No.
    **Doe**, and **John Doe**,
13
                      Plaintiffs,            **2:24-cv-03998-FLA-E**
14
         vs.                                 **VERIFIED COMPLAINT**
15

16  **McCalla Raymer Leibert Pierce** and
    **Nabeel Zuberi, Mark Domeyer,** and their
17  employee **Kyle Dillon**, **Mike Potier** of
    **Boardwalk Properties, SPS** and **SPS REO**,
18  and their employee **Christopher Plantier,**
19  **Marcos Ramirez** of **XMRX Corporation**,
    **Los Angeles Sheriff's Department, First**
20
21  **American Title,** and DOES 1 to 10,            **Demand Jury Duty**
     inclusively,
22
                      Defendants.
23

24

25

26

27

28

# **COMPLAINT**

1.      Plaintiffs Pastor LB Brena, MS. Blackwell, Jane Doe, and John Doe, (collectively "Plaintiffs"), submit this complaint for federal civil rights violations. The Plaintiffs allege that the Defendants McCalla Raymer Leibert Pierce, LLP., their employees and attorneys Nabeel Zuberi, Mark Domeyer, and  Kyle Dillon, Mike Potier, and Marcos Rameriz of XMRX Corporation, (collectively "Defendants"), unlawfully and maliciously interfered with Plaintiffs interest in the real property located at 2336, 2338 1, 2, and 3, Pasadena Ave, Long Beach, California 90806 ("MI-Property"), at issue here is the single family dwelling located [specifically] at 2336 Pasadena ave. Long Beach, California. 90806 ("Subject Property"), said dwelling is located on the MI-Property and is owned by a collective group of Miricle Island community ("MICg").

2.      This case could have been initiated from the District court by Defendants due to the fact this is a ***title*** matter and not an unlawful detainer action. Plaintiffs are not renter of Defendants but duly noticed and legal title holders of the subject Property and have been since June of 2016.

3.      Plaintiffs assert that the Defendants do not and did not have a valid contract or title to subject Property, and claim that Defendants actions, and each of them, including wrongful eviction, violated the constitutional rights of Plaintiffs, and each of them, requiring injunctive relief and declaratory judgment to restore their rights,

restore their property, and to claim damages as pursuant to 42 U.S.C. §1983.
Plaintiffs allege that they hold rightful title to subject Property, and that Defendants
engaged in systemic racial discrimination in property ownership which is in violation
of 42 U.S.C. §§ 1981 and 1982. This is a title case.

4.      Plaintiffs argue that Defendants breached federal statutes, including the Federal
Fair Debt Collection Practices Act (15 U.S.C. §§ 1692-1692p), California's Rosenthal
Fair Debt Collection Practices Act (Civil Code §§ 1788 et seq.), and the Civil Rights
Act of 1964, as Defendants do not hold legal or equitable title to subject Property
despite initiating an improper trustee sale and wrongfully evicting Plaintiffs.

5.      Plaintiffs further allege that without a valid contract or proper title, Defendants
actions constitute conversion, abuse of process, malicious prosecution, and tortious
interference. Plaintiffs seek an injunction and a declaration that the conversion and
eviction were unlawful, and request injunctive relief to restore their rights and
possession of subject Property and prevent further violations.

6.      Plaintiffs contend that if Defendants are considered state actors under the state
action doctrine, the Limited Court and the Sheriff's Department should be subject to
constitutional scrutiny and potential liability for these alleged violations as should any
and all legal professionals involved in this matter.

///
///
///

# TABLE OF CONTENTS

|  | Page |
|---|---|
| **FEDERAL QUESTION** | 5 |
| **JURISDICTION AND VENUE** | 6 |
| **PARTIES** | 6 |
| **INTRODUCTION** | 11 |
| **FACTUAL BACKGROUND** | 13 |
| **NATURE OF CAUSES/CLAIMS** | 19 |
| CAUSES FOR RELIEF: | 24 |
| **CAUSE I** | 24 |
| **CAUSE II** | 27 |
| **CAUSE III** | 33 |
| **CAUSE IV** | 42 |
| **CAUSE V** | 47 |
| **CAUSE VI** | 49 |
| **CAUSE VII** | 51 |
| **CAUSE VIII** | 53 |
| **REQUEST FOR RELIEF** | 57 |
| **PRAYER FOR RELIEF** | 58 |
| **CONCLUSION** | 58 |

# **FEDERAL QUESTION**

7.     This action arises under the laws of the United States pursuant to 28 U.S.C. § 1331, which provides federal jurisdiction over cases involving the U.S. Constitution and federal statutes. Plaintiffs assert that Defendants have violated their civil rights, as protected by 42 U.S.C. § 1983, through the wrongful and malicious execution of eviction proceedings, lacking rights, proper legal standing, notice, and transparency.

8.     Defendants conduct also includes continuous harassment and intimidation surrounding an alleged mortgage debt not owed by Plaintiffs, and each of them, which is in violation of the Federal Fair Debt Collection Practices Act (15 U.S.C. §§ 1692-1692p), and California's Rosenthal Fair Debt Collection Practices Act (Civil Code §§ 1788 et seq.). Defendants actions, encompassing improper trustee sale proceedings, the recent reselling of subject Property, harassment, threats of eviction, wrongful eviction, and failure to comply with federal mail regulations (18 U.S.C. § 1725), collectively constitute a deprivation of Plaintiffs rights under the Due Process and Equal Protection Clauses of the Fourteenth Amendment.

9.     The improper trustee sale proceedings has led to a genuine title dispute, between the parties, with Defendants wrongfully claiming ownership or possession of subject Property, which Plaintiff Brena and MIc rightful own and have occupied since June of 2016, violating Plaintiffs federally protected rights to due process and property ownership.

10.     These acts by Defendants infringe upon Plaintiffs federally protected rights, necessitating judicial intervention to prevent further injustices and rectify the harms caused by this improper title dispute.

11.     Plaintiffs seek relief under federal jurisdiction due to Defendants clear violations of federal civil rights laws, emphasizing the need for enforcement of 42 U.S.C. § 1983 and related statutes.

## JURISDICTION AND VENUE

12.     This court has jurisdiction under 28 U.S.C. § 1331 as the claims arise under federal law. Supplemental jurisdiction is available under 28 U.S.C. § 1367 for related state law claims, as they share a common nucleus of facts with the federal claims and are part of the same case or controversy under Article III of the U.S. Constitution.

13.     Plaintiffs reserve the right to amend and assert additional claims under California civil rights and consumer protection statutes, as well as other state laws against deceptive trade practices.

## PARTIES

**Plaintiffs**

14.     At all times hereto relevant, Plaintiff Pastor LB Brena ("Pastor"), is a Citizen of California, a senior member of a special collective group of Miricle Island community (MICg) formed within the MI Community, and a legal title holder of the MI-Property which includes subject Property; they along with certain members of MICg, who for their protection and purposes of this action are being named as "Jane

Doe" and "John Doe," are Citizens of and reside in the state of California at 2336 and 2338 1, 2, and 3 Pasadena Avenue, California 90806.

15.    At all times hereto relevant, Plaintiff MS Blackwell ("Blackwell") is a Citizen of California and resides in the state of California at 16129 Hawthorne Boulevard, California 90260.

16.    The use of the term "*Plaintiffs*" in this Complaint, unless specifically otherwise set forth, is intended to include, both jointly and severally, all named Plaintiffs (collectively "Plaintiffs").

**Defendants**

17.    At all times hereto relevant, Defendant McCalla Raymer Leibert and Pierce, LLP/LLC ("MRLP"), along with their attorney's Nabeel Zuberi ("Zuberi") and Mark Domeyer ("Domeyer"), and paralegal Kyle Dillon("Dillon"). MRLP is a law firm and debt collector organized under the laws of the State of Georgia, with a principal place of business at 1544 Old Alabama Rd, Roswell, Georgia, 30076.

18.    At all times hereto relevant, Defendant Mike Potier ("Potier"), realtor *BRE# 00936002* is a professional property realtor with Boardwalk Properties and an agent for SPS REO, being sued in his personal and professional capacity, with a principal place of business Boardwalk Properties located at 5000 E Spring Street #130, Long Beach, CA 90815.

19.    At all times hereto relevant, Defendant Marcos Ramirez ("Ramirez"), a

professional property realtor *BRE# 01339740* for Pacific Estates Keller Williams and CEO of XMRX Corporation ("XMRX"), and being sued in his personal and professional capacity, with a principal place of business Pacific Estates Keller Williams and XMRX. located at 2883 E Spring Street #100, Long Beach, CA 90806.

20.     At all times hereto relevant, Defendant Los Angeles Sheriff's Department ("LASD" or "Levying Officer"), a local government entity created under the laws of the State of California, and an agent for Defendant Limited Court. The LASD is responsible for the service and execution of Court ordered writ of possessions within the City of Long Beach, located at 275 Magnolia Avenue, 4th Floor Long Beach, California 90802.

21.     At all times hereto relevant, Defendant **First American Title Company** (**"**FATC") title company, organized under the laws of the State of California, with a principal place of business at 4 First American Way Santa Ana, California 92707.

22.     Plaintiffs are unaware of the true names and capacities of individuals and entities sued herein under the fictitious names of Does 1 through 10, inclusive or, to the extent that the names of such individuals or entities may be known to Plaintiffs.

23.     Plaintiffs cannot state with certainty that a viable cause of action lies, herein as against such individuals or entities, or Plaintiffs are unable to allege the elements of such a cause of action, at this time, prior to discovery.

24.     The use of the term "*Defendants*" in any of the allegations in this Complaint,

unless specifically otherwise set forth, is intended to include, and charge both jointly and severally, not only named Defendants, but all Defendants, designated as well (collectively "Defendants").

## **INTRODUCTION**

25.     Claim of rights, under the *Doctrine of Precedent*, Plaintiffs claim all rights and seek protection under the Doctrine of Precedent (*See Anastasoff v. U.S.*, 223 F3d 898). Plaintiffs request the court's judicial notice of principles stated in *King  v. Knoll, Whitney v. State of New Mexico, Haines v. Kerner*, and *Platsky v. Central Intelligence Agency*.

26.     Plaintiffs emphasize that Pro Se and Pro Per litigants are not held to the same strict pleading standards as Bar-authorized attorneys and have the right to submit evidence for adjudication.

27.     Plaintiffs assert the right to receive curative instructions and sufficient time to refile if their claims are dismissed by the court. Plaintiffs claim the substantive Due process right to have Findings of Fact and Conclusions of Law published with any order of the Court.

28.     This case could and should have been initiated from this District court by Defendants due to the fact this is a title matter and not an unlawful detainer action.

29.     Plaintiffs question Defendants legal right to interact or interfere with their interest in the subject property at issue here, located on a portion of the following lot:

**LOT 8 OF TRACT NO. 3463, 7208-017-009 IN THE CITY OF LONG BEACH, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 38 PAGE 51 OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.**

30.     There is no contractual relationship establishing the doctrine of Privity of Contract between the Plaintiffs and Defendants, rendering Defendants and the former trustor unable to act.

31.     This complaint arises from a protracted legal battle over the rightful possession and ownership of subject property, a dispute marred by a series of and including alleged improper trustee sale, several evictions, and multiples of civil rights violations.

32.     Plaintiffs bring this action against Defendants, seeking redress for a series of egregious and unlawful actions that have deprived Plaintiffs of their rights and caused substantial harm.

33.     This case arises from a sequence of events also involving improper trustee sale, eviction, and ongoing harassment perpetrated by Defendants, which have resulted in significant violations of federal law and civil rights and duress.

34.     Plaintiffs assert claims under federal law, including but not limited to violations of civil rights under 42 U.S.C. §1983 and potential breaches of the Fair Debt Collection Practices Act (FDCPA), and California's Rosenthal Fair Debt Collection Practices Act.

35.     Defendants conduct included harassment, threats with 11 post foreclosure eviction actions, 5 notices and writs to vacate served by several LA County Sheriffs (Levying Officers) for evictions, and the limited court stated improper trustee sale actions, all of which have caused severe distress and injury to Plaintiff Brena and the ministry community group she has been entrusted to oversee.

36.     At the heart of this conflict are the 11 frivolous and malicious post foreclosure eviction actions filed by Defendants, 6 cases in 2019, to include case numbers: 19lbud01412, 19lbud01642, 19lbud01650, 19lbud01651, 19lbud01674, and 19lbud02648 (collectively "UD19-Cases"); and the refiling of the cases in 2022, case numbers: 22lbud01600, 22lbud01631, 22lbud01762, 22lbud01781, and 22lbud01792 (collectively "UD22-Cases"). This exhaustive undertaken by Defendants has led to several adverse judgments, in favor of Plaintiffs and others in the favor of Defendants, all within the same Department of the Limited Court

37.     Defendants actions have interfered with Plaintiffs federally protected rights and privileges, warranting relief under federal jurisdiction pursuant to 28 U.S.C. § 1331. This Introduction serves to outline the pervasive nature of Defendants malicious and unlawful conduct and the urgent need for federal intervention to secure justice and protect Plaintiffs fundamental rights.

38.     Defendants relentless litigation efforts, despite previous court rulings and the application of the doctrine of stare decisis and Res Judacata, have culminated in the

displacement of residents and a substantial threat and loss to MICg's stability and well-being. Particularly egregious were Defendants, and each of them, complete disregard for the legal outcomes favorable rulings for the Plaintiffs, including the dismissal of cases based on improper trustee sale and the wrongful and malicious judgment as well as execution of writ of possession.

39.     These actions have caused emotional and financial harm to Plaintiffs and the residents of subject Property and raises serious questions regarding Defendants respect for legal procedures.

40.     Plaintiffs rights to property owners and occupants under the Homeowners Bill of Rights, the US Constitution, the Protecting Tenants at Foreclosure Act (PTFA), and other applicable federal civil rights laws.

41.     This complaint seeks redress for Plaintiffs, aiming to halt Defendants continuous and baseless legal harassment in the Limited Superior Court, rectify the wrongful evictions, and address the significant civil rights violations that have occurred.

42.     Plaintiffs request that this Court recognize the egregious nature of Defendants actions, the substantial harm inflicted upon Plaintiffs, and each of them, along with MICg, and provide just relief that restores Plaintiffs rights, possession, and peace of mind regarding the Property.

43.     This case centers on malicious and unlawful actions, unfair debt collection, and

persistent harassment of Plaintiffs following property title disputes.

## FACTUAL BACKGROUND

44.     This complaint arises from a series of disputed legal actions, property management disputes, and alleged violations of federal and state law related to the subject property.

45.     Plaintiffs, acting individually and severally, set forth the following background history to support the claims for relief.

46.     These actions are rooted in convoluted transactions and legal proceedings concerning subject property, beginning with the former trustor (Blackwell) of subject property, in certain proceedings.

47.     In June of 2016, one of the founding members of MICg, acquired subject property from Blackwell, who offered a notarized warranty deed after quieting title judgment on subject Property, which was duly recorded with the County Recorder's Office of Los Angeles.

48.     From 2016 to present, MICg engaged in community activities without property loans, just community funding.

49.     In June of 2018, an intervenor was created by Wells Fargo Bank on behalf of Morgan Stanley ABS Capital 1, Inc. Trust 2005-WMC6 Mortgage Pass-Through Certificates, Series 2005-WMC6 ("WFB-Assignee"), initiated trustee sale, claiming highest bidder status without setting aside Blackwell's quiet title judgment. (*See* a true

copy of QT Judgment as **Exhibit 1**).

50.     Select Portfolio Servicing, Inc. ("SPS") and SPS REO specialist, Mike Potier (Potier) began harassing MICg members and trespassing on subject Property which is legally owned by Plaintiff Brena, with eviction threats to then the filing of multiple unlawful detainer actions, 11 cases in total, starting with case 19LBUD01412 and relitigated in case 22LBUD01781. (*See* copies of cases as **Exhibit 2** and **3**).

51.     Despite legal victories for certain members of MICg, the harassment and intimidation continued with verbal threats, improper legal document process servicers, who made several trips to the property despite being told the person they were looking for did not live on premises.

52.     These actions disrupted operations of MICg, which violated Plaintiffs civil rights, including due process and fair housing protections. This case aims to address abusive conduct and obtain remedies for harm inflicted on Plaintiffs and its members.

53.     Following Blackwell's bankruptcy discharge, she pursued various legal avenues to address subject property-related issues, including initiating Quiet Title actions in both state and federal courts. (*See* Blackwell's Declaration).

54.     Subject Property underwent a change in ownership following Blackwell being granted quiet title judgment against Defendants. Blackwell transferred all title rights to MICg, made up of Plaintiff Pastor LB Brena (Pastor) dedicated to the mission of and on behalf of MICg members. (*See* Pastor Brena's Declaration).

## I. Initial Disputes and Legal Actions (UD19 and UD22 Cases)

55.     The origin of the current dispute traces back to a series of unlawful detainer

actions initiated in 2019 and 2022, known collectively as UD19 and UD22 cases.

56.     These actions were precipitated by an alleged improper trustee sale conducted

by Defendants against Blackwell's bankruptcy filing and subsequent legal proceedings

that purportedly cleared of title to subject Property, Defendants pursued multiple

evictions based on a claimed right of possession that was legally contested and

ultimately found lacking in merit by state courts.

57.     These events, in 2022, Defendants initiated a new series of legal actions,

dubbed the UD22 cases, against various defendants including Plaintiffs, in a continued

effort to assert control over the MI-Property. These actions were characterized by the

Plaintiffs as a re-litigation of previously resolved disputes, raising concerns of

vexatious litigation and improper attempts to dispossess the Plaintiffs of the Property.

## II. The Impact of COVID-19 and Continued Legal Challenges

58.     The global COVID-19 pandemic introduced further complexities, halting

eviction proceedings and introducing a temporary stay on enforcement actions. During

this period, the Plaintiffs allege that Defendants engaged in a pattern of behavior

aimed at circumventing legal protections and exploiting the pandemic's chaos to

strengthen their claim to the Property. Notably, an improper trustee sale was

purportedly conducted after quiet title judgment removing any lien(s) held by

Defendants, and each of them, or their predecessor-in-interest, against a party who did not hold legal title at time of sale, did so without proper notice or legal justification to legal title holder(s), leading to significant financial and operational disruptions Plaintiffs.

### III. Recent Developments and Federal Claims

59.     In the most recent chapter of this ongoing title dispute, as of 2023 regarding UD22 cases, saw Defendants secured summary judgment against a non-title holding party and Plaintiffs, on the basis of a declaratory judgment collecting a debt against a non-title holder.

60.     During all 11 UD cases, Defendant's efforts were met with vigorous opposition by Plaintiffs who highlighted procedural irregularities, the misuse of judicial notice, and the disregard of established legal principles such as stare decisis by the courts involved. Despite these challenges, Defendants secured judgments that the Plaintiffs contend were based on factual inaccuracies, legal errors, and a fundamental misunderstanding of subject Property's ownership and occupancy status.

61.     Compounded by enforcement actions that targeted incorrect addresses and a lack of procedural fairness, these judicial decisions have precipitated the current federal complaint. Plaintiffs assert claims under the Federal Fair Debt Collection Practices Act (FDCPA), and California's Rosenthal Fair Debt Collection Practices Act, alleging violations of civil rights, and seek redress for what they describe as a

persistent pattern of harassment, discrimination, and unlawful attempts to dispossess them of the Property.

62.    MICg founded by Miricle Island ministry members, emerged as a community-oriented organization dedicated to religious activities, fundraising, and outreach efforts.

63.    In June of 2016, a founding member of Miricle Island ministry acquired property crucial for the ministries operations through a legitimate transaction facilitated by Blackwell who had quieted the title and obtained a judgment affirming the property transfer via a duly recorded Warranty Deed. (*See* a true copy of Warranty Deed attached as **Exhibit 4**). Blackwell had clear and marketable title to the entire property (MI-Property), specifically subject property.

64.    Pastor was appointed to oversee and head the new acquisition and given full entitlement acting as a founding member and pastor of the newly formed MICg.

65.    From 2016 to 2019, MICg has actively engaged in various charitable activities, including fundraising initiatives, worship gatherings, and outreach programs to support homeless individuals within the community. Notably, during this period, MICg operated without resorting to loans against the property, demonstrating responsible stewardship of their assets.

66.    In June 2018, Defendants through their alleged servicing agent and attorney in fact, SPS, under a scheme of fraud, portrayed entities known as: *Wells Fargo Bank,*

*N.A., as Trustee in trust for the registered holders of Morgan Stanley ABS Capital 1, Inc. Trust 2005-WMC6 Mortgage Pass-Through Certificates, Series 2005-WMC6* ("WFBT-1"), or *Wells Fargo Bank, N.A., as Trustee on behalf of the registered holders of Morgan Stanley ABS Capital 1, Inc. Trust 2005-WMC6 Mortgage Pass-Through Certificates, Series 2005-WMC6* ("WFBT-2"), initiated  trustee sale proceedings on subject Property by hiring a trustee sale attorney and debt collector, The Wolf Firm, a law corporation ("TWF").

67.    WFBT-2 purportedly claimed to be the highest bidder at the trustee sale auction. (*See* a true copy of Deed Upon Sale attached as **Exhibit 5**). This sale was commenced without a lien or any deed of trust being on subject Property at the time.

68.    This scheme of fraud was done despite MICg having a duly recorded Warranty Deed on and for subject Property at the time of the trustee sale. Despite obtaining a declaratory judgment against Blackwell, Defendants failed to set aside Blackwell's quiet title judgment or vacate the rightful and legal transfer of title to MICg and its Pastor, Plaintiff Brena.

69.    This background history serves to contextualize the subsequent legal actions pursued by Plaintiffs seeking redress for the unlawful conduct and discriminatory practices inflicted upon them by Plaintiffs..

70.    The persistent pattern of discriminatory practices of Defendants, and each of them, have created a climate of abuse and unjust treatment aimed at undermining the

rights and activities of Pastor, MICg and their members.

71.     On or about May 2023 judgment was granted as to all named defendants in the UD22 cases, but only one defendant named Ann Lizana ("AL"), entered said cases, answered them and was the only named defendant in said cases who received judgment. AL was neither an owner nor title holder of subject Property, nor were they a representative of the entire MICg or Pastor.

72.     Although the named and unnamed defendants in these UD cases did not respond, enter the cases nor were they properly defaulted, they all received judgments against said cases (UD19 and UD22 cases), and possession of subject Property was granted to Defendants.

## **NATURE OF CLAIMS**

**CAUSES SPECIFIC FACTS TO OVERALL** SCHEME OF FRAUD:

72.     **I:** The scheme of fraud alleged in this FDCPA § 1692 cause of action involves Defendants MRLP, SPS and Christopher Plantier, and others engaging in deceptive debt collection practices. They disseminated false information about resolved debts during unlawful detainer actions and eviction proceedings despite lacking valid title or standing. (*See* a copy of MRLP Unlawful detainer action and declaration of Christopher Plaintier attached as **Exhibits 6**). Defendants conducted an improper trustee sale in June 2018 without a valid mortgage obligation, demonstrating malicious debt collection efforts. Defendant MRLP violated FDCPA § 1692e by misleadingly

representing debt status, coercively impacting Plaintiffs' rights. This scheme includes false dissemination of debt information and improper debt collection tactics, all aimed at unlawfully coercing Plaintiffs to pay or surrender subject Property.

73.    **II:** The alleged scheme of fraud in this legal action encompasses both Federal Statutes and Constitutional claims involving various Defendants. This includes a State Actor Hon. judge and Defendants MLRP, who are accused of retaliating against the Plaintiffs' exercise of free speech rights. They purportedly issued threats and conducted harassment to suppress opposition to foreclosure and eviction processes, thereby violating the Plaintiffs' First Amendment protections. Additionally, the scheme suggests a deliberate effort by these Defendants to intimidate and silence the Plaintiffs through unlawful means, abusing their positions and authority to stifle legitimate expression of rights and opposition to their actions. Furthermore, the allegations involve other parties (such as SPS, WFB/, TWF, and related agents) engaging in a separate deliberate scheme. This scheme unlawfully dispossessed and interfered with the Plaintiffs' contractual rights over the property. It includes initiating multiple unlawful detainer actions without valid contractual rights or title, obtaining judgments through false statements to the court, engaging in predatory real estate actions to unlawfully seize property, and clouding the Plaintiffs' ownership rights through fraudulently created documents and misrepresentations. These actions collectively resulted in severe financial losses, reputational damage, and emotional

distress for the Plaintiffs, highlighting a calculated effort to deceive and harm them through fraudulent means.

74.    **III:** Scheme of Frauds, Slander of Title, Tortious Interference. Plaintiffs are pursuing claims against Defendants for a deliberate scheme to unlawfully dispossess and interfere with their contractual rights at 2336, 2338 1, 2 & 3  Pasadena Ave, Long Beach, CA 90806, where Defendants initiated improper foreclosure proceedings, unlawful detainer actions, and evictions without valid property title, using false statements and fabricated documents to deceive the court and gain control over the property, thereby causing severe harm and financial losses to Plaintiffs, who seek injunctive relief and compensatory and punitive damages to rectify the extensive harm caused by Defendants fraudulent actions.

75.    **IV:** The scheme of fraud alleged pursuant to 42 U.S.C. §1983 cause of action involves Defendants, including a judge, MRLP, Zubari, Domeyer, and Dillon, LASD, and others, accused of civil rights violations. Plaintiffs claim these defendants engaged in discriminatory conduct under color of state law within the Long Beach Superior Court jurisdiction. Allegations include issuing baseless eviction threats, unlawful property seizures, and discriminatory enforcement tactics based on Plaintiffs religious affiliation and community status. These actions are said to violate Plaintiffs constitutional rights to equal protection and due process, suggesting a systematic

///

abuse of authority for discriminatory purposes, targeting Plaintiffs based on protected characteristics.

76. **V:** The scheme of fraud alleged in this cause of action under 18 U.S.C. §1725 and 42 U.S.C. §1983 involves the Los Angeles Sheriff's Department (LASD) and its officers. Plaintiff Brena accuses them of civil rights violations and breaches of federal mail regulations. Defendants deposited a Writ of Possession into the postal mailbox without prior service on Plaintiffs, causing significant emotional distress and community trust erosion. Plaintiffs seek redress for this unconstitutional practice, including a declaration of wrongdoing, injunction against future violations, compensation for damages, and injunctive relief. This scheme suggests deliberate disregard for legal procedures, leading to emotional harm and erosion of community trust.

77. **VI:** Civil Rights Declaratory Judgment (42 U.S.C. §1983): The scheme alleged in this cause of action under Civil Rights Declaratory Judgment (42 U.S.C. §1983) involves Defendant MRLP, and SPS. TWF, WFB., as Trustee ('WFB'), and others lacked valid title to initiate trustee sales or maintain unlawful detainer actions. This led to wrongful evictions and disruptions of community activities following a property transfer in June 2016 and a subsequent non-judicial foreclosure orchestrated by SPS in June 2018 in Pasadena, CA. Plaintiffs claim that these defendants, acting under color of state law, engaged in discriminatory conduct violating Plaintiffs rights to

equal protection and due process under the Fourteenth Amendment. The scheme seeks to rectify constitutional violations and safeguard civil liberties against further unlawful state actions through declaratory and injunctive relief, along with compensatory damages.

78.    **VII:** The scheme alleged in this Declaratory and Injunctive Relief action involves Defendants, including unnamed defendants (Does 1-10), initiating unlawful detainer actions for eviction without lawful authority after a quiet title order was obtained by Plaintiff Blackwell in 2016. This action prompted a controversy over ownership and possession of the property, requiring a judicial determination of the plaintiffs' rights, obligations, and interests to confirm their sole title ownership established through the quiet title order. Plaintiffs seek declaratory relief confirming sole title ownership by MICg and a permanent injunction restraining defendants from asserting any estate, right, title, or interest in the subject Property based on the quieted title and transfer.

79.    **VIII:** The scheme alleged in this Application for Temporary Restraining Order involves Defendants collectively engaging in ongoing and imminent actions within California that threaten immediate and irreparable harm to the plaintiff's rights and interests related to the subject property. This includes unlawfully attempting to take possession of, alter, or sell the property and disrupting Plaintiff's peaceable possession and enjoyment, driven by motives to interfere with Plaintiff's possession and

community services. The evidence includes multiple (11) unlawful eviction actions over a 5-year span and property alterations and a sale, which, if allowed to continue, will result in irreparable harm including loss of property rights, financial losses, and emotional distress. Plaintiff seeks an immediate Temporary Restraining Order to halt these unlawful actions pending further legal proceedings.

## CAUSES Of ACTION FOR RELIEF

### I.

### Violations of Federal Fair Debt Collection Practices Act
### 15 U.S.C. §§ 1692-1692p, California's Rosenthal Fair Debt
### Collection Practices Act Civil Code §§ 1788 et seq.

80.    Plaintiffs repeat and reallege each allegation contained in paragraphs 1–79 of this Complaint.

81.    Plaintiff Brena, as a rightful owner protected under the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692-1692p, and the Rosenthal Fair Debt Collection Practices Act (Cal. Civ. Code §§ 1788 et seq.), asserts that Defendants engaged in prohibited acts under these statutes. Defendants made false representations regarding outstanding debts on the property, which were resolved through prior court judgments, leading to unlawful actions such as trustee sale attempts and eviction proceedings.

82.    Plaintiffs bring claims against Defendants MRLP, SPS, and Document control clerk Christopher Plantier for engaging in deceptive debt collection practices,

including disseminating false information about resolved debts during multiple unlawful detainer actions and eviction proceedings in the Limited Superior Court. Defendants pursued these actions despite lacking valid title or standing to do so.

83.    Defendants conducted a wrongful trustee sale in June 2018 without a valid mortgage obligation, leading to an improper transfer of property rights and targeted harassment of MICg members, thus contravening specific provisions of California property laws.

84.    Defendants falsely claimed that Plaintiffs owed debts on the property, which had already been resolved by court judgments. These false claims resulted in unauthorized actions against Plaintiffs, including 11 unlawful detainer actions, demonstrating a lack of valid title, or standing by Defendants.

85.    Plaintiffs bring this action for violations of the FDCPA (15 U.S.C. §§ 1692-1692p) and Rosenthal Act (Cal. Civ. Code §§ 1788 et seq.) against Defendants MRLP, SPS, Document control clerk Christopher Plantier, and DOES 1-10, based on specific instances of deceptive debt collection practices and false representations.

86.    Plaintiffs were targeted in wrongful trustee sale proceedings orchestrated by Defendants, including state actors such as the Judge and non-state actors like SPS, Mike Portier (Potier), and The Wolf Firm, resulting in wrongful evictions and property seizures.

87.    Defendants systematically violated federal and California state debt collection

laws through deceptive practices, misrepresentations of debt, and improper legal actions. They misrepresented the legal status of the property and fabricated debt claims to initiate unlawful detainer actions and eviction proceedings without valid title, causing significant harm to Plaintiffs.

88.     Defendants initiated a wrongful trustee sale in June 2018 despite the absence of any valid mortgage or debt obligation, demonstrating malicious pursuit of debt collection actions and unlawful seizure of property.

89.     Defendant MRLP violated both FDCPA § 1692e and similar provisions under the Rosenthal Act by making, using, and disseminating false, deceptive, or misleading representations regarding the nature and legal status of the purported debts, coercively affecting Plaintiffs rights.

90.     Defendants actions were designed to coerce and intimidate Plaintiffs into compliance through deceptive means, in violation of FDCPA and Rosenthal Act standards, by misrepresenting legal information and using improper legal actions.

91.     Defendants manipulated legal proceedings with false information to secure judgments against Plaintiffs, undermining their rights and violating FDCPA § 1692e, leading to wrongful evictions and property seizures.

92.     Defendants attempted to collect unauthorized debts, disregarding legal constraints, and exploiting Plaintiffs' rights under FDCPA § 1692f(1), causing severe financial harm and emotional distress.

93.    Plaintiffs urgently seek redress for financial losses incurred due to Defendants

actions, including maximum statutory damages, reimbursement of legal fees, and

compensation for emotional distress caused by Defendants egregious misconduct.

**WHEREFORE**: Plaintiffs urgently seek redress from the court, including full

restitution of financial losses, maximum statutory damages under the FDCPA for each

violation committed, reimbursement of legal fees and associated costs, compensation

for profound emotional distress caused by Defendants' egregious misconduct, and any

other relief the Court deems just and proper.


## II.

### Violations of Federal Statutes and Constitutional Civil Rights under the (42 U.S.C. §1981, 1982, 1983) and Civil Rights Act of 1964
(As to All Defendants and DOES 1-10)

94.    Plaintiffs repeat and reallege each allegation contained in paragraphs 1–93 of

this Complaint.

95.    Plaintiffs allege violations of federal statutes and civil rights against Defendants

under 42 U.S.C. §§ 1981, 1982, 1983, and the Civil Rights Act of 1964, specifically

asserting that Defendants' wrongful eviction actions resulted in demonstrable and

irreparable harm, including loss of property and disruption of fundamental rights.

96.    Plaintiffs assert claims against Defendants based on alleged violations of

federal statutes and civil rights, citing specific instances where Defendants' actions

directly  led to irreparable harm through wrongful eviction within eviction-related

legal proceedings, thereby impeding Plaintiffs constitutional rights to due process for the section of the property 2338 Pasadena Ave, long Beach, and property ownership.

97.    Plaintiffs claim their civil rights were violated due to specific wrongful eviction actions, including improper legal proceedings and harassment, in violation of federal statutes including 42 U.S.C. §§ 1981, 1982, 1983, and the Civil Rights Act of 1964.

98.    Plaintiffs bring this action against all Defendants for violations of 42 U.S.C. §§ 1981, 1982, 1983, alleging wrongful eviction and infringement of their constitutional rights to free speech and due process, supported by specific instances where Defendants actions directly infringed upon these rights.

99.    Defendants, including State Actor Hon. Judge of the Superior Court and Defendant MLRP, allegedly retaliated against Plaintiffs' exercise of free speech rights by issuing threats and conducting harassment to suppress opposition to foreclosure and eviction processes, in violation of Plaintiffs' First Amendment protections.

**No Valid Title or Valid Contract Existed to Initiate an Unlawful Detainer Action:**

100.   Plaintiffs allege that Defendants, and each of them, and related agents and entities engaged in deliberate and unlawful interference with Plaintiffs contractual rights regarding the MI-Property.

101.   Defendants scheme included initiating 11 unlawful detainer actions without valid contractual rights or title, obtaining judgments through false statements to the court, engaging in predatory real estate actions to unlawfully seize and sell their

property, and clouding Plaintiffs ownership rights through fraudulent documents and misrepresentations.

102. Defendants actions caused severe financial losses, reputational damage, and emotional distress to Plaintiffs, and they seek injunctive, compensatory, and punitive damages to remedy the harm caused by this fraudulent conduct.

103. Plaintiffs bring this action against Defendants for deliberately and unlawfully dispossessing Plaintiffs Brena of MICg, interfering with their contractual rights, and seek relief for No Valid Title or Valid Contract Existed To Unlawful Detainer Action, Malicious Prosecution, and Abuse of Process asserted as to All Defendants and DOES 1-10.

**Malicious Prosecution and Abuse of Process:**

104. Plaintiffs allege wrongful eviction, unlawful detainer, and malicious prosecution based on the following:

105. Defendants had no valid title to commence a trustee sale on June 19, 2018, violating California non-judicial foreclosure laws by failing to provide statutory notice and follow legal protocols. They had no valid title for an unlawful detainer action and no valid title to evict.

106. Leveraging this improperly obtained title, Defendants initiated eleven unlawful detainer actions from May 2019 onward, aiming to evict Plaintiffs under false pretenses arising from the void trustee's sale.

107.   These actions lacked legal basis and constituted an abuse of process.

108.   Defendants used a fraudulently obtained judgment to evict occupants without legal rights, title, or justification.

109.   Defendants misled the court to obtain judgment against Plaintiffs despite lacking standing for eviction, causing significant harm, including property loss, resident disruption, and financial damages.

110.   Defendant's baseless legal claims interfered with specific residential contracts entered into by MI-Property, resulting in the termination of these contracts and substantial financial losses for the plaintiffs.

**Irreparable Harm through Wrongful Eviction under 42 U.S.C. §1981, 1982, 1983, and the Civil Rights Act of 1964:**

111.   Defendants lacked valid title or authority to initiate foreclosure proceedings on the property, as demonstrated by exhibit 1, rendering the foreclosure action unlawful and void.

112.   Between 2018 and 2024, Defendants, including State Actor Hon. judge and Defendant Potier, allegedly retaliated against Plaintiffs' free speech rights aimed at suppressing opposition to eviction proceedings.

113.   Defendant Potier collaborated with state actors to suppress Plaintiffs free speech and conducted improper trustee sales and evictions without affording Plaintiffs due process rights under the Fifth and Fourteenth Amendments.

114.   Defendant SPS engaged in post-foreclosure eviction proceedings without due process for Plaintiff Brena, violating her constitutional rights.

115.   Defendants engaged in discriminatory practices, including religious racial discrimination and harassment, violating federal statutes (42 U.S.C. §§ 1981, 1982, 1983) by specifically targeting Plaintiffs based on their race and engaging in harassing conduct that contravenes the protections afforded by these statutes.

**Long Beach Sheriff's Dept (LASD) Fourth Amendment violations**:

116.   Defendant LASD unlawfully placed legal documents in Plaintiffs community mailbox, violating Fourth Amendment rights against unlawful search and seizure, and this action violated their privacy expectations.

117.   Defendants actions caused substantial harm to Plaintiffs through feeling harassed, scared with threats of eviction, and improper legal proceedings, leading to emotional distress.

118.   Defendants engaged in a pattern of harassment and intimidation against Plaintiffs, resulting in emotional distress and impending financial losses.

119.   Plaintiffs seek compensatory damages, injunctive relief, declaratory relief, and redress under 28 U.S.C. § 1343 and 42 U.S.C. § 1983, asserting violations committed under color of state law, including wrongful eviction and infringement of constitutional rights.

120.   Plaintiffs request declaratory relief, injunctive relief to prevent further

unconstitutional practices, and compensatory damages for emotional distress and financial losses, pursuant to 28 U.S.C. § 1343 and 42 U.S.C. § 1983, and seek judicial intervention to remedy Defendants wrongful actions.

**WHEREFORE**: Plaintiffs seek judicial intervention to rectify the injustices suffered due to Defendants' actions. Specifically, Plaintiffs request:

a. A court declaration that the trustee's sale is void *ab initio*, affirming Plaintiff Brena's rightful title to the subject property.

b. A declaration that Defendants possess no legal rights, estate, or interest in the subject property, thereby permanently enjoining them from asserting rights.

c. An immediate injunction halting all ongoing and future unlawful detainer actions initiated by Defendants against Plaintiffs, safeguarding Plaintiff Brena's rights and interests pending resolution.

d. Compensatory and punitive damages for financial losses incurred due to wrongful and malicious eviction attempts and contractual disruptions, deterring similar misconduct by Defendants or others.

e. Redress for violations of their civil rights and appropriate remedies to remedy the injustices inflicted upon them by Defendants.

f. For compensatory and punitive damages in amounts to be determined at trial.

///

///

**III.**

**Scheme of Frauds, Slander of Title. Tortious Interference,
Wrongful Sale, Set Aside Trustee sale and Deed Upon Sale.
Predatory Real Estate Piracy, New Property Sale, Unjust enrichment**
(As to All Defendants and DOES 1-10)

121.   Plaintiffs repeat and reallege each allegation contained in paragraphs 1-120 of this Complaint.

122.   Plaintiffs allege that this action should have been pursued in another court other than the limited Superior Court for unlawful detainer cases since this case is actually a title-based case and Plaintiffs were at no time unlawfully detaining the property which means that 2 entities are claiming the same rights to the same property except plaintiffs allege that defendants have no rights to the property.

123.   Plaintiffs bring this action and cause of relief for Scheme of Frauds, Slander of Title. Tortious Interference, Wrongful Sale, Set Aside Trustee sale and Deed Upon Sale, Predatory Real Estate Piracy, New Property Sale, Unjust enrichment against All Defendants for a deliberate scheme to unlawfully dispossess and interfere with its contractual rights.

124.   Plaintiffs allege claims against all Defendants for a series of wrongful actions perpetrated against them. Defendants are accused of engaging in a deliberate scheme to unlawfully dispossess and interfere with Plaintiffs contractual rights within their property. These actions occurred over a period starting in 2016 and culminating to the

present, primarily taking place at 2336 Pasadena Ave, Long Beach, CA 90806. But the true address is 2336 a single house, and 2338 units 1, 2 and 3 all on one parcel lot

**Scheme of Frauds**

125.   18 U.S. Code § 1341 - Frauds and swindles. Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, or to sell, dispose of, loan, exchange, … a deliberate plan or pattern of fraudulent activities designed to deceive or defraud others. A systematic series of deceptive actions, misrepresentations, or manipulations aimed at unlawfully gaining something of value, such as money or property, from another party.

126.   Schemes of fraud can take various forms, such as falsifying documents, making false representations, or engaging in deceptive practices with the intent to obtain an unfair advantage or unlawfully deprive someone of their rights. These schemes are often characterized by intentional deceit and a calculated effort to exploit trust or legal processes for personal gain.

127.   Defendants allegedly knowingly initiated an *improper* foreclosure proceeding, 11 unlawful detainer actions, an eviction and sold Plaintiffs property at a private sale despite lacking valid title to the property. They are accused of making false statements, misrepresenting ownership details, and fabricating documents to manipulate legal processes for their gain. This misconduct resulted in the wrongful eviction and loss

of property for the Plaintiffs, causing severe financial losses, emotional distress, reputational damage, and disruption of business operations.

128.   Defendants initiated foreclosure proceedings, unlawful detainer actions, and eviction of the plaintiffs despite lacking valid title to the property as evidenced by the absence of documented ownership rights or legal title.

129.   Defendants obtained a judgment on May 4, 2023, through false statements and misrepresentations of a debt being owed that was not paid by Plaintiffs made to the court, including inaccurate financial information and misrepresented ownership details, that no quiet title judgment was rendered to former owner which misled the court into issuing a judgment against the plaintiffs.

130.   Defendant's actions were executed with fraudulent intent, knowingly deceiving the court, and exploiting legal loopholes to gain control over the subject property.

131.   Plaintiffs suffered significant harm, including wrongful eviction and loss of property, directly resulting from Defendants fraudulent actions, leading to severe financial losses, emotional distress, reputational damage, and disruption of business operations.

132.   Defendants knew or should have known that these statements were false and intended to deceive the court to gain control of subject property. Plaintiffs seek injunctive relief to halt Defendants ongoing fraudulent practices and interference with their property rights. Compensatory damages are warranted to rectify financial losses,

emotional distress, and reputational harm caused by Defendants conduct. Punitive damages are also sought to deter future misconduct and ensure justice.

133.   Plaintiffs suffered harm due to defendants misrepresenting Plaintiffs financial status, ownership, and default to advance fraudulent foreclosure proceedings, including falsifying documents and providing inaccurate information to support unlawful actions against Plaintiffs. Defendants perpetrated fraudulent actions, leading to the wrongful eviction and *loss of property*.

134.   Plaintiffs, and each of them, seeks injunctive, compensatory, and punitive damages for Defendants fraudulent conduct.

135.   Defendants deliberate scheme caused severe financial losses, reputational damage, emotional distress, and disrupted business operations for Plaintiffs.

136.   Defendants *false representations* clouded the title and ownership rights of Plaintiff Brena. Defendants misrepresented Plaintiffs status, ownership, and default to advance improper foreclosure proceedings.

137.   Defendants made false statements to facilitate wrongful eviction, including fabricating ownership documents and misrepresenting plaintiffs standing, directly contributing to the unlawful dispossession of the plaintiffs from their property.

### **Set Aside Improper Trustee sale and Deed Upon Sale**

138.   Plaintiffs assert claims against Defendants, specifically through their associates SPS and TWF, for conducting an improper foreclosure against the property owned by

Plaintiffs, without legal justification or proper procedural compliance.

139.   Defendants unlawfully attempted and evicted Plaintiffs based on void trustee's sales, and also void trustee's deed upon sale, disregarding established ownership rights through legitimate transactions.  Without demonstrating a clear chain of title and failing to provide required notices and opportunities for Plaintiffs to challenge the debt or cure alleged defaults.

140.   As a result of this *improper* trustee sale, Plaintiffs have suffered significant damages, including loss of property, damage to their credit reputations, and severe distress. These actions have disrupted Plaintiffs lives and led to substantial financial instability.

**Predatory Real Estate Piracy**

141.   Plaintiffs assert claims against Defendants, through their associates SPS REO, Portier, and Rameriez, for engaging in predatory real estate actions, leveraging false claims of debt and default to unlawfully seize property for unjust enrichment by selling subject property at a discounted rate, causing irreparable harm to Plaintiffs.

142.   Plaintiffs legal title to the subject property was severely compromised when locked out by the Sheriff's Department on April 22, 2024, causing additional harm and uncertainty, due to this scheme of frauds.

143.   Defendants deliberate scheme caused severe financial losses, reputational damage, emotional distress, and disrupted business operations for Plaintiffs.

144.   Defendants along with their two brokers contrived together to usurp the equity out of the property in their usual manner, by selling the property lower than its value.

**Slander of Title**

145.   Plaintiffs assert claims against Defendants, specifically their associates Defendant First American Title Co. (FATC), and SPS/SPS REO, when Defendants recorded a fraudulently created deed upon sale without legitimate rights or a clear chain of title, which clouded the Plaintiff's ownership rights. This action constitutes slander of title as it created doubt and uncertainty over the plaintiff's property ownership, directly harming their property rights and marketability.

146.   Code Civ. Proc., § 392, *Slander of Title*, making false and malicious statements about the title to someone's property, which can lead to interference with the owner's ability to sell, use, or otherwise benefit from the property. It occurs when someone knowingly spreads false information about property ownership or legal rights associated with real estate, intending to undermine the owner's reputation or ability to deal with the property, can result in economic losses for the property owner.

147.   Plaintiff contends that even if Defendants have a recorded deed it should be rendered void because of the dispute of **clouded title**, and at the very least, give good cause to sue for Slander of Title.

148.   The recordation of an instrument facially valid but without underlying merit will, of course, give rise to an action for slander of title *(See **Forte** v. **Nolfi** (1972) 25

Cal.App.3d 656, 685-686 [102 Cal.Rptr. 4551; "*Possession is not title, but only evidence from which title may be presumed,*" 46 Cal. 162; 1873 Cal. LEXIS 152).

149.   Plaintiff alleges that they have possession through an agreement with Miricle Island Community in the form of a Property Rights Contract and two Deeds.

150.   Defendants recorded a deed upon sale on Plaintiffs title with no rights to do so, because Defendants lien was not on the property at the time of the foreclosure sale thus clouding Plaintiffs title.

### Tortious Interference

151.   Plaintiffs assert claims against Defendants, specifically Porier, XMRX, MRLP, Zubari, and Domeyer, and their associates SPS and TWF, for Tortious interference, also known as intentional interference with contractual relations, occurs when one person intentionally damages someone else's contractual or business relationships with a third party, causing economic harm. This interference is considered wrongful or unlawful, it undermines the rights of the affected party to freely conduct their business or contractual arrangements without interference from third parties.

152.   Plaintiffs allege that defendants induced a breach of contract, disrupting business relationships, and made false statements to damage their business prospects.

153.   Defendants engaged in threats and actions that interfered with the plaintiff's contractual rights to possession and title. For instance, threatening eviction despite ongoing contractual agreements, causing direct interference and disruption to the

Plaintiffs property rights.

154.   Defendants made threats that constituted tortious interference with Plaintiffs contractual rights as to their possession and title.

155.   Defendants threats with Plaintiffs contractual rights to possession and title, are now real harm with the eviction and lockout to further exacerbate the harm inflicted by their fraudulent actions.

**Wrongful Sale, New Owner**

156.   Plaintiffs assert claims against Defendants MRLP, Zubari, Domeyer, Portier, and Ramirez of XMRX, as realtors for engaging in wrongful sale and unjust enrichment by leveraging false claims of debt and default to unlawfully seize and sell the property at a discounted rate, causing irreparable harm to Plaintiffs. Resulting in severe financial losses, reputational damage, and emotional distress for Plaintiffs. They seek declaratory relief affirming Pastor (Plaintiff Brena) ownership rights, invalidation of fraudulent actions, and restoration of title.

157.   Plaintiffs seek injunctive relief to halt Defendants fraudulent practices, and interference with Plaintiff Brena's rights. Compensatory and punitive damages to rectify extensive harm inflicted. The lawsuit aims to remedy civil rights violations perpetrated by Defendants and restore justice for Plaintiffs.

//

///

**Wrongful Sale: Unjust enrichment**

158.   Plaintiffs assert claims against Defendants Portier, XMRX, and Rameriz, for they sold the property at a significantly reduced rate, exploiting false claims of debt and default to their advantage. This unjust sale resulted in substantial financial loss to the plaintiffs, unfairly benefiting the defendants through the acquisition of the property at a discounted price.

159.   This refers to the act of defendants selling Plaintiffs real property under improper or unlawful circumstances. In legal terms, a wrongful sale can occur when property is sold without proper authorization, in violation of legal requirements, or through deceptive means. A real property sale is conducted without following the required procedures or without valid grounds for the sale, it could be deemed a wrongful sale.

160.   Unjust enrichment occurs when XMRX Corp the buyer unfairly benefits at the expense of Plaintiffs, without legal justification. In the context of a real estate transaction, unjust enrichment can happen because the property was sold at 875k a price significantly below its fair market value 105m, leading to a financial gain for the buyer (defendant) while causing a loss to the original owner (plaintiff).

161.   Defendants engaged in wrongful sale and unjust enrichment by leveraging false claims of debt and default to unlawfully seize and sell the property at a discounted rate, causing irreparable harm to Plaintiffs.

162.   The Plaintiffs seek injunctive relief to halt ongoing fraudulent practices, compensatory damages to rectify financial losses, and punitive damages to deter future misconduct and restore justice.

**WHEREFORE:** Plaintiffs respectfully request:

Declaratory relief is affirmation of Plaintiff Brena's ownership rights, invalidation of fraudulent actions, and restoration of title.

a.      Injunctive relief sought is an Order halting Defendants fraudulent practices and interference with Plaintiff Brena's rights.

b. Compensatory and punitive damages sought by Plaintiffs is comprehensive compensation for financial, emotional, and reputational harm inflicted, with punitive damages to deter future misconduct. This cause of action aims to rectify extensive wrongdoing by Defendants and seeks comprehensive legal remedies for the harm suffered by Plaintiffs.

c. Plaintiffs seek redress for violations of their civil rights and request appropriate remedies to remedy the injustices inflicted upon them by Defendants.

## IV.

### Civil Rights Violations (42 U.S.C. §1983)
(As to MRLP, Zubari, Domeyer, Dillon and DOES 1-10)

163.   Plaintiffs repeat and reallege each allegation contained in paragraphs 1–162 of this Complaint.

164.   Plaintiffs bring this action against Defendants, alleging violations of their constitutional rights under 42 U.S.C. §1983, including violations of the Equal Protection Clause and Due Process Clause, arising from discriminatory conduct and unlawful property seizures.

165.   Plaintiffs bring this action against Defendants, and each of them and cause of relief for Civil Rights Violations, Hon. judge and the Long Beach Superior Court, as state actors, engaged in discriminatory conduct under color of state law, and against Defendants MRLP, Zubari, Domeyer and Dillon, and DOES 1-10, deprived Plaintiffs of their constitutional rights, under 42 U.S.C. §1983. Defendant MRLP, Zubari, and Domeyer as the attorney's for Defendants failed to responsively instruct their employee Dillon (paralegal) from filing multiples of cases causing negligence and harm to Plaintiffs.

166.   Plaintiffs further allege that any rule, even if not facially unconstitutional, is unconstitutional as applied according to a state judicial norm "*which requires a judicial determination of reasonable probability of success prior to permitting the filing of an action against an attorney based on a claim of civil conspiracy with a client*" because such a rule (as articulated by Defendants) constitutes a per se denial of equal access to the courts due process and of equal access to the courts and legal processes in violation of 42 U.S.C. §1981.

167.   Defendants, including Hon. judge and the Long Beach Superior Court, as state

actors, engaged in discriminatory conduct under color of state law. For instance, on June 15, 2018, Defendant MRLP issued baseless eviction threats against Plaintiffs, constituting impermissible discrimination under the Equal Protection Clause.

168.    Similarly, on August 3, 2019, Defendants orchestrated an unlawful property seizure without due process, directly violating Plaintiffs rights under §1983.

169.    Defendants MRLP, Zubari, Domeyer and Dillon, lacked valid title to commence with a foreclosure, unlawful detainer action, or eviction.  These actions were undertaken under color of state law and directly deprived Plaintiffs of their constitutional rights under §1983, including equal protection and due process, based on their religious affiliation and community status.

170.    Defendant's actions, exemplified by baseless eviction threats and unlawful property seizures, were undertaken under color of state law, and directly deprived Plaintiffs of their constitutional rights under §1983, including equal protection and due process, based on their religious affiliation and community status.

171.    Defendants lack valid title for commencing trustee sale, unlawful detainer, or eviction actions, constituting grounds for this action under 42 U.S.C. §1983.

172.    Plaintiffs allege that Defendants, acting under state authority, engaged in discriminatory acts violating Plaintiffs' constitutional rights:

173.    For instance, on June 15, 2018, Defendant MRLP issued baseless eviction threats against Plaintiffs, constituting impermissible discrimination under the Equal

Protection Clause. Similarly, on August 3, 2019, defendants orchestrated an unlawful property seizure without due process, directly violating Plaintiffs' rights under §1983.

174.    Throughout 2020, Defendants selectively enforced regulations against Plaintiffs based on their religious association, triggering scrutiny under the Equal Protection Clause and depriving Plaintiffs of equal treatment and due process guaranteed by the U.S. Constitution.

175.    Plaintiffs contend that defendants, acting under color of state law, engaged in discriminatory acts such as baseless threats and unlawful seizures, targeting Plaintiffs based on their religious affiliation and community status, thereby infringing on their equal protection rights violating their constitutional rights under §1983.

176.    Plaintiffs allege that Defendants MRLP, Zubari, Domeyer relationship with the Justices of the Limited Superior court is so close and intimate that there exists a continuing and ongoing agreement and understanding between them in derogation of due process of law and equal protection of persons and property, in violation of 42 U.S.C. §§1981, 1982 and also of the 5th and 14th Amendments.

177.    Defendants violated Plaintiffs' rights to equal protection and due process under the U.S. Constitution. Such conduct is unconstitutional under 42 U.S.C. §1983.

178.    Plaintiffs suffered distress, financial losses, and community disruption, including loss of property rights and interference with religious practices, due to Defendants actions.

179.    Plaintiffs possess documented communications and notices that clearly illustrate Defendants discriminatory actions, which deprived Plaintiffs of their constitutional rights under §1983, including equal protection and due process, as protected by established legal principles.

180.    Defendants conduct, including the initiation of baseless eviction threats and unlawful property seizures without due process, contravenes established legal principles under §1983.

181.    Access to discovery of facts is a key element of due process of law and equal access to the Courts as discovery procedures are often critical to the determination of the accuracy or inaccuracy of any legal complaint, suit at law, or equitable action.

**WHEREFORE**, Plaintiffs respectfully request the following relief from the Court:

 Declare Defendants actions unconstitutional under 42 U.S.C. §1983.

    a.  Affirm Plaintiffs rights to equal protection and due process.

    b.  Enjoin further unconstitutional practices, including baseless threats of eviction and discriminatory enforcement tactics.

    c.  Compensate Plaintiffs for emotional distress, financial losses, and harm suffered due to Defendants' unconstitutional practices.

    d.  Issue an injunction preventing Defendants from further engaging in discriminatory practices against Plaintiffs.

    e.  Award compensatory damages for emotional distress, financial losses, and

other harms suffered as a direct result of Defendants' unconstitutional actions.

f. Plaintiffs pray that even if California Civil Code §1714.10 is not unconstitutional on its face, it is either unconstitutional as applied to Defendants MRLP, Zubari, Domeyer and Dillon or simply does not, as a matter of fact or law, apply to Defendants MRLP, Zubari, Domeyer and Dillon at all.

182. Plaintiffs pray that this Court will so declare and adjudge, granting them all their costs of suit, in addition to the full and unfettered right to recover from Defendants MRLP, Zubari, and Domeyer all of their damages for a scheme of frauds within civil conspiracy with other Defendants and non-defendants, including collusion or conspiracy with Superior Court judges who may be otherwise immunized from suit.

## V.

### Federal Mail Regulations (18 U.S.C. §1725) Violations of 42 U.S.C. §1983
(LASD and DOES 1-10)

183. Plaintiffs repeat and reallege each allegation contained in paragraphs 1–182 of this Complaint.

184. Plaintiff Brena of MICg initiates this lawsuit against the Los Angeles Sheriff's Department (LASD) and its officers, of the Superior Court of Los Angeles George Deukmejian Courthouse in the city of Long Beach, a state-employed law enforcement officer, for alleged civil rights violations and breaches of federal mail regulations, specifically involving discriminatory practices based on religious affiliation and

improper use of mail services.

185.   Plaintiffs allege that LASD defendants, acting under state law, systematically violated Plaintiffs rights under 42 U.S.C. §1983 and 18 U.S.C. §1725 by engaging in discriminatory conduct, including unlawful property seizures, baseless threats, and discriminatory enforcement tactics utilizing unauthorized communications through the USPS.

186.   In March 2024, the L.A. Sheriff's Department, through its levying officer, unlawfully placed a writ of possession in Plaintiffs property mailbox without proper service, directly violating Plaintiffs Fourth Amendment rights to due process and protection against unreasonable searches and seizures.

187.   During March 2024, Defendants engaged in discriminatory conduct against Plaintiffs, including illegal property seizures and discriminatory enforcement measures, which deprived Plaintiffs of their constitutional rights to equal protection and due process under the law.

188.   Defendants unlawfully used the mailbox to deposit unauthorized communications to Plaintiffs, violating federal mail regulations as outlined in 18 U.S.C. §1725, which prohibits the depositing of mailable matter without postage.

189.   Defendants actions have caused substantial harm, including severe emotional distress and erosion of community trust due to discriminatory and unlawful conduct that directly infringed upon Plaintiffs constitutional rights.

189.   Plaintiffs assert that defendants blatantly violated civil rights under 42 U.S.C.

§1983 and federal mail regulations under 18 U.S.C. §1725, necessitating judicial

intervention to address the harm caused and uphold essential constitutional rights,

including seeking specific monetary relief to compensate for damages and injunctive

relief to prevent future violations.

**WHEREFORE:** Plaintiffs respectfully request the Court to:

a. Declare Defendants actions as violations of 42 U.S.C. §1983 and 18 U.S.C.

§1725.

b. Enjoin the Los Angeles Sheriff's Department from further unconstitutional

practices.

c. Compensate Plaintiffs for resulting damages, with specific monetary relief to

be determined at trial.

d. Order appropriate injunctive relief to prevent future violations and redress

harm caused.

## VI.

### Civil Rights Declaratory Judgment (42 U.S.C. §1983)
**(**As to All Defendants and DOES 1-10**)**

190.   Plaintiffs repeat and reallege each allegation contained in paragraphs 1-189 of

this Complaint.

191.   Plaintiffs present a Civil Rights Declaratory Judgment claim (42 U.S.C. §1983)

against Defendants, and each of them, and other named and unnamed individuals and entities.

192.   Defendants initiated trustee sales and unlawful detainer actions against Plaintiffs without lawful ownership documents or valid title to the property, directly leading to wrongful evictions.

193.   Acting under color of state law, Defendants engaged in discriminatory conduct against Plaintiffs and members of MICg following the June 2016 property transfer in Long Beach, California.

194.   SPS conducted a non-judicial foreclosure in June 2018 without possessing lawful title to the property, resulting in an improper transfer of property rights and targeted harassment of MICg members, thus contravening specific provisions of California property laws.

195.   Defendants repeatedly filed baseless unlawful detainer actions, causing significant emotional distress, and disrupting Plaintiffs activities. They used the legal system improperly to intimidate and displace MICg members.

196.   Defendants infringed upon Plaintiffs constitutional rights to equal protection and due process by intentionally and recklessly pursuing evictions and property seizures without adherence to established legal safeguards and protections.

197.   Plaintiffs assert violations of their constitutional rights under §1983 due to Defendants discriminatory and unfounded eviction attempts, seeking declaratory

relief and damages to remedy these violations.

198. The unconstitutional conduct of Defendants inflicted severe emotional distress, substantial financial losses, and significant disruptions to community activities upon Plaintiffs, thereby resulting in tangible harm and hardship experienced by the MICg community.

**WHEREFORE**, Plaintiffs respectfully request the Court to declare Defendants actions as violations of 42 U.S.C. §1983, affirm Plaintiffs' rights to equal protection and due process, enjoin Defendants from further unconstitutional practices, and award compensatory damages for emotional distress, financial losses, and harm caused by Defendants actions. The claims under §1983 are substantiated by specific factual allegations detailing the deliberate violations of Plaintiffs civil rights by the Defendants.

## VII.

## Declaratory and Injunctive Relief
(As to all Defendants & Does 1-10)

199. Plaintiffs repeat and reallege each allegation contained in paragraphs 1–198 of this Complaint.

200. Plaintiffs assert this cause of action for Declaratory and Injunctive Relief against all Defendants, including unnamed Does 1-10, based on the demonstrated lack of valid title and standing by Defendants to maintain unlawful detainer actions for eviction against Plaintiffs. The exhibited evidence, highlights the absence of legal

authority necessary to support Defendants' claims over the subject property, forming the basis for the relief sought.

201.   Defendants lacked valid title and standing to maintain 11 unlawful detainer actions for eviction against Plaintiffs, when all they needed to do was a title case thus failing to demonstrate legal authority over the subject property. [*See* Ex. 1].

202.   The subject property was previously owned by Blackwell until June 16, 2016, when a state court quieted title in favor of Plaintiffs and transferred the property to Miricle Island community group (MICg) through a general warranty deed.

203.   An actual controversy exists between Plaintiffs and Defendants regarding ownership and possession of the subject property, arising from Defendants unauthorized attempts to assert control over the MI-Property following the quiet title order in 2016.

204.   Plaintiffs seek a judicial determination of their rights, obligations, and interests concerning the subject Property, particularly to confirm and enforce their sole title ownership established through the quiet title order.

205.   Plaintiffs request declaratory relief confirming sole title ownership by MICg and a permanent injunction restraining Defendants from asserting any estate, right, title, or interest in the subject property based on the quieted title and transfer.

206.   Plaintiffs allege an actual controversy and seek a declaration that Defendants have no valid estate, right, title, or interest in the subject property, as evidenced by

their failure to demonstrate lawful ownership or authority over the property, including specific instances such as the unauthorized attempts to assert control following the quiet title order in 2016.

207.   Plaintiffs further seek to enjoin Defendants from asserting any adverse claims or actions against Plaintiffs based on the quieted title and transfer of ownership, securing Plaintiffs exclusive rights to possession and control of the MI-Property, and request remedies for civil rights violations.

**WHEREFORE**, Plaintiffs seek declaratory relief to establish and confirm that the title to the subject property is vested solely in MICg. Plaintiffs also request an injunction permanently restraining Defendants from asserting any estate, right, title, or interest in the subject property based on the quieted title and transfer to MICg, supported by detailed legal and factual arguments presented in this Complaint.

## VIII.

### <u>Application for Temporary Restraining Order</u>
(Against All Defendants and Does 1-10)

208.   Plaintiffs repeat and reallege each allegation contained in paragraphs 1–207 of this Complaint.

209.   Plaintiffs urgently request this Honorable Court to issue a Temporary Restraining Order (TRO) against all named Defendants, restraining them, their officers, agents, representatives, servants, employees, assigns, and attorneys from

directly or indirectly taking, leasing, encumbering, selling, altering, or destroying

subject Property to prevent imminent actions that would adversely affect Plaintiffs

property rights.

210.   Defendants actions pose an immediate and irreparable threat to Plaintiffs rights

and interests in the subject property. Without intervention, Defendants may disturb

Plaintiffs peaceable possession and enjoyment of the property, causing irreversible

injury for which there is no adequate legal remedy.

211.   Plaintiffs demonstrate to this Court that harm is imminent, given the risk of

eviction, alteration, or destruction of the property. Immediate court intervention is

necessary to protect Plaintiffs rights and prevent irreversible damage pending

resolution of this matter.

**Legal Standard for TRO**

212.   Plaintiffs have satisfied the legal standard for granting a Temporary Restraining

Order. They have established:

213.   Likelihood of Success on the Merits: Plaintiffs are likely to succeed on the

underlying claims challenging unlawful eviction and interference with property rights.

214.   Demonstrated Irreparable Harm: Defendants' actions will cause immediate and

irreparable harm to Plaintiffs property rights and possession.

215.   Balance of Hardships: The harm to Plaintiffs if the TRO is not granted

outweighs any potential harm to Defendants.

216.   Public Interest: Granting the TRO serves the public interest by upholding property rights and preventing unlawful actions.

217.   There is no available legal remedy that can provide Plaintiffs with complete and final relief if the Temporary Restraining Order (TRO) is not granted, allowing for transfer, alteration, or destruction of the property.

218.   Plaintiffs have satisfied the burden of establishing each necessary element for injunctive relief to be granted by this Court, entitling them to the requested temporary restraining order.

219.   Plaintiffs are likely to succeed on the merits of this lawsuit, which challenges unlawful eviction and interference with property rights. The acts alleged herein have already caused and will continue to cause irreparable harm to Plaintiffs.

220.   Plaintiffs respectfully request this Honorable Court to issue a Temporary Restraining Order (TRO) restraining Defendants, their officers, agents, representatives, servants, employees, assigns, and attorneys from taking any action that would disturb Plaintiffs' peaceable possession and enjoyment of the subject property pending resolution of this matter.

221.   Plaintiffs are at immediate risk of eviction and irreversible harm if Defendants are allowed to proceed with their actions. The TRO is necessary to prevent permanent alteration or destruction of the property and protect Plaintiffs rights pending the outcome of this legal action.

222.   Defendants actions threaten the permanent alteration or destruction of the property, potentially jeopardizing Plaintiffs' ability to recover their rights.

223.   Plaintiffs assert that the imminent harm they face, coupled with the legal merits of their claims, justifies the issuance of a Temporary Restraining Order. The relief sought is essential to safeguard Plaintiffs property rights and prevent irreparable harm pending further court proceedings.

## **REQUEST FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court grant the following relief:

1. Declare that the trustee sale and eviction actions undertaken by Defendants are in violation of Plaintiff federal statutory and constitutional rights.

2. Issue a declaratory judgment confirming Plaintiff lawful ownership and possession of the subject property.

3. Enjoin Defendants from further harassing or evicting Plaintiff from the property.

4. Award compensatory damages to Plaintiff for emotional distress, mental anguish, and any other actual damages incurred as a result of Defendants actions.

5. Award punitive damages against Defendants for their willful violations of Plaintiffs constitutional rights.

6. Grant any other relief that this Court deems just and equitable.

7. Award Plaintiff their costs and attorney fees incurred in bringing this action.

## **PRAYER FOR RELIEF**

**WHEREFORE,** plaintiff prays judgment against defendant as follows from this Honorable Court:

1. For an order requiring the defendants to show cause, if any, why they should not be enjoined as set forth in this complaint during the pendency of this action.

2. For a temporary restraining order, a preliminary injunction, and a permanent injunction requiring defendants to refrain from taking possession of or selling, transferring or conveying subject Property while a question of title still exists in Federal Court.

3. Declaratory Judgment from this Court declares Plaintiff lawful ownership and possession of the subject property and determines that any actions taken by Defendants, including trustee sale and eviction, are unlawful and in violation of Plaintiff federal statutory and constitutional rights.

4. Injunctive Relief that this Court issues immediate injunctive relief enjoining Defendants from further harassing or attempting to evict Plaintiff from the property pending resolution of this matter.

5. Compensatory Damages: That Plaintiff is awarded compensatory damages for emotional distress, mental anguish, and any other actual damages suffered as a direct consequence of Defendants wrongful actions.

6. Punitive Damages: that punitive damages are awarded against Defendants as appropriate to punish their willful violations of Plaintiff constitutional rights and to deter future misconduct.

7. For the trebled amount of Plaintiff's Actual Damages in the amount of $1,500,000.00, as authorized by California law and 18 U.S.C. §1964(c).

8. For reasonable costs of suit incurred in prosecuting this complaint in the amount of $25,000.00 as authorized by 18 U.S.C. §1964(c).

9. Jury Trial: Alternatively, if a jury trial is deemed appropriate by the Court, Plaintiff requests a trial by jury on all triable issues of fact.

10. Any Other Relief Deemed Just and Proper: That the Court grants any additional relief that it deems just and proper under the circumstances of this case.

## **CONCLUSION**

Plaintiff asserts that Defendants actions, taken under color of law, have resulted in egregious violations of Plaintiff constitutional and statutory rights. The evidence presented demonstrates a pattern of harassment, threats of eviction, and unlawful interference with Plaintiff property rights. Plaintiff seeks redress from this Honorable Court to obtain a declaration of rightful ownership and possession of the subject property, and to enjoin Defendants from further unlawful actions.

Plaintiff requests compensatory and punitive damages to address the emotional distress and harm suffered as a result of Defendants wrongful conduct. The principles

of due process, equal protection under the law, and the fundamental rights enshrined in the United States Constitution are at stake in this matter.

Plaintiff respectfully urges the Court to grant the relief sought, in accordance with the law and principles of justice. For these reasons, Plaintiff respectfully requests that this Court adjudicate the claims presented and provide the necessary remedies to restore Plaintiff rights and rectify the harms inflicted by Defendants.

Date: May 10, 2024                                    Respectfully submitted.

/s/ LB Brena
Pastor LB Brena, *Plaintiff Pro Se*
2336, 2338 1, 2, and 3 Pasadena
Long Beach, California 90806
Pastorlbl9@gmail.com

/s/ MS Blackwell
MS Blackwell, *Plaintiff Pro Se*
16129 Hawthorne Blvd., D377
Lawndale, California 90260

## VERIFICATION

I, Gladys Copeland, and Ann Lizana, are Plaintiffs in the above-entitled action. I have read the foregoing complaint and know the contents thereof. The same is true of my knowledge, except as to those matters which are therein alleged on information and belief, and as to those matters, I believe it to be true. I declare under penalty of perjury that the foregoing is true and correct, and that this declaration was executed in California.

  /s/ LB Brena_____

  /s/ MS Blackwell_____

## **TRIAL-BY-JURY**

Plaintiffs demand a trial-by-jury of all issues of fact so triable, and all mixed questions of law and fact which may be triable as a matter of controlling case law, and Plaintiffs demand an advisory jury on all other matters to the extent permitted by law, with appropriate instructions distinguishing the advisory from the deciding issues presented to the jury for resolution.

## <u>DECLARATION OF PASTOR LB BRENA</u>

I, Pastor LB Brena, attest to the following,

1. I am a Plaintiff in this action and the one appointed as a main holder of the rights to subject property by, through and on behalf of MICg, who is the legal title holder and owner.

2. I acquired ownership and title rights to subject property by and through an inheritance that originally occurred around July 2016 and bequeathed to me thereafter.

3. My ownership is supported by the contract for Property Rights. I have several deeds for 2336 (a single family dwelling) and 2338 1, 2, and 3 Pasadena Ave. Long Beach, California, 90806, collective the MI-Property, which I hold deeds to.

4. On May 5, 2023, MRLP for their client Wells Fargo obtained several judgments through another improper method. If they would have properly served the corporation as per service requirements for the process of a corporation as per the secretary of State we would have known. Instead they decided to sue the process server without us knowing. The process server has an address so why not serve it to them.

5. Using this judgment, the defendants sold the "subject" property of 2336 Pasadena Ave, Long Beach CA. 90806. Their sell did not include 2338 (units 1, 2 & 3) Pasadena Ave. Long Beach, CA. 90806 and then commenced with a wrongful eviction of the residents from my property without my knowledge or consent.

6. At no point was I a party to defendants declaratory intervention case in the unlimited court and the numerous limited court UD cases that led to the judgments in question, nor was I given any notice or opportunity to contest them.

7. On April 17, 2024, I had a hearing and the Hon judge Amy Yorkie denied my Arrieta Claim of rights to enter the case per a code 415.64 stating that the defendants then Plaintiffs at the limited Superior Court had perfected a way to violate occupants rights to the Arrieta claim, and I was denied entry into the case of 22lbud01781, I have

filed an appeal to this denial.

8. The eviction caused significant harm, including loss of property, financial damages, emotional distress, or other negative effects and even a new buyer has shown up who thinks he can harass and push me around like a puppet.

9. I retain legal ownership of the property in question, as evidenced by my contract and deeds.

10. The defendant's actions deprived me of my due process rights, property rights and caused substantial harm to myself and my community.

11. I am not aware of any valid legal basis for the defendant's actions, and I believe the judgment obtained was improper and based on fraudulent and or deceptive claims.

12. I seek the court's intervention to restore my property rights and to prevent further harm caused by the defendant's wrongful actions.

13. I request compensatory damages, punitive damages, restoration of property, declaratory and injunctive relief and any relief deemed proper by the court.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct to the best of my knowledge.

Date: 5/10/24                                   Respectfully submitted,

                                              /s/ LB Brena
                                             Pastor LB Brena, *in pro per*

## <u>DECLARATION OF MS BLACKWELL</u>

I, MS Blackwell, attest to the following,

1. I am a Plaintiff in this action I know each of the following facts to be true of my own personal knowledge and if called as a witness I can competently testify with respect hereto.

2. I was the former owner of the real property that is the MI-Property, which includes subject Property, but do not have any rights or ownership of it.

3. I signed, dated and had a general warranty deed ("WD"), created, transferring all of my rights and interest in subject property over to the religious community Miricle Island community.

4. I also signed an agreement to the covenants of the warranty deed, stating in part that I would defend the title of the Property against any "paramount" or "superior" or "senior" lien holders, should the situation arise.

5. After receiving an order from the state court quieting the title to subject property on June 10, 2016, MI ministries recorded the signed WD with the County Recorder's office of Los Angeles, on June 16, 2016.

6. After that time I have had no further contact or dealings with the property and do not, because I cannot, claim any rights or authority to such.

7. I have not resided on subject property since August of 2016.

8. In June of 2018, an unlawful detainer action was filed in the Long Beach State Court, naming me as the sole defendant. Case number 19lbud01412 ("UD1412 case"). (*See* true copies of Minute Order attached hereto as **Exhibit 6**).

9. I filed motions in an attempt to let the court know I was not the owner of subject property and did not live on the property. These failed. And the case went to trial.

10. A trial was held on UD1 case, on October 28, 2019, in which Defendant was *denied* possession of subject property because I was not the owner and made no claims

to the property, and it was discovered that they had no rights to the property over the legal title holder, Miricle Island ministry.

11. This title matter needs further adjudication in this court which deals with complicated title issues such as this.

12. We are seeking the court's intervention to restore Pastor Brena and MICg's (MI-Property) rights and prevent further harm caused by Defendants wrongful and malicious actions.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct to the best of my knowledge.

Date: 5/10/24                                              Respectfully submitted,

                                                            /s/ MS Blackwell
                                                           MS Blackwell, *in pro per*

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 13th day of May, 2024, the foregoing documents:  CIVIL RIGHTS DECLARATORY & INJUNCTIVE RELIEF COMPLAINT will be filed with the Clerk of the Central District Court, using the CM/ECF system.


/s/ LB Brena
Pastor LB Brena, *Plaintiff  Pro Se*

# **EXHIBITS**

**EXHIBIT 1**                                                    Quiet Title Judgment

**EXHIBIT 2**                                                    Limited Case …1412

**EXHIBIT 3**                                                    Limited Case …1781

**EXHIBIT 4**                                                    Warranty Deed

**EXHIBIT 5**                                                    Deed Upon Sale

**EXHIBIT 6**                                                    Christoher Plantier Decl.

**EXHIBIT 7**                                                    Minute Orders

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

EXHIBIT 1

R.

**Superior Court of California**

**County of Los Angeles**

**Department 61**

FILED
Superior Court of California
County of Los Angeles

JUN 10 2016

Sherri H. Carter, Executive Officer/Clerk
By_____ Deputy
Latina Woods

| | |
|---|---|
| MICHELLE BLACKWELL, | Case No.: BC501357 |
| Plaintiff(s), | |
| v. | **JUDGMENT** |
| WMC MORTGAGE CORP., et al., | |
| Defendant(s). | |

Default having been entered against defendant Morgan Stanley ABS Capital 1 on February 2, 2016, the court held a default judgment hearing on May 3, 2016.  The court finds in favor of plaintiff as to defendant Morgan Stanley ABS Capital 1 only.  Judgment is so entered.

Dated:   6/10/16

Hon. Gregory Keosian
Judge of the Superior Court

-1-

EXHIBIT 2

Electronically FILED by Superior Court of California, County of Los Angeles on 06/20/2019 05:03 PM Sherri R. Carter, Executive Officer/Clerk of Court, by B. Monroe,Deputy Clerk

Case 2:24-cv-03998-FLA-E   Document 1   Filed 05/13/24   Page 71 of 146   Page ID #:71

Assigned for all purposes to: Governor George Deukmejian Courthouse, Judicial Officer: Douglas Stern

Nabeel M Zuberi, SBN 294600
MCCALLA RAYMER LEIBERT PIERCE, LLP
301 E. Ocean Boulevard, Suite 1720
Long Beach, CA 90802
Phone: (562) 983-5375
Facsimile: (562) 983-5375

Attorneys for Plaintiff,
WELLS FARGO BANK, N.A., AS TRUSTEE, ON BEHALF OF THE REGISTERED
HOLDERS OF MORGAN STANLEY ABS CAPITAL I INC. TRUST 2005-WMC6,
MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-WMC6

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| WELLS FARGO BANK, N.A., AS TRUSTEE, ON BEHALF OF THE REGISTERED HOLDERS OF MORGAN STANLEY ABS CAPITAL I INC. TRUST 2005-WMC6, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-WMC6.<br><br>       Plaintiff,<br><br>  vs.<br><br>MICHELLE BLACKWELL and DOES 1 through 20, Inclusive,<br><br>       Defendants. | CASE NO.:<br><br>COMPLAINT FOR UNLAWFUL DETAINER FOLLOWING FORECLOSURE SALE [CALIFORNIA CODE OF CIVIL PROCEDURE § 1161a]<br><br>Limited Civil Case<br><br>Amount Not Exceeding $10,000.00 |

Plaintiff, for its complaint hereby alleges the following:

1.  Plaintiff WELLS FARGO BANK, N.A., AS TRUSTEE, ON BEHALF OF THE REGISTERED HOLDERS OF MORGAN STANLEY ABS CAPITAL I INC. TRUST 2005-WMC6, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-WMC6 ("Plaintiff"), is the owner of record and entitled to possession of the real property located at 2336 PASADENA AVE (MAIN), LONG BEACH, CALIFORNIA 90806 ("Property"). The Property is located in the above-referenced Judicial District and County.

2.  Plaintiff is an entity lawfully conducting business in California.

COMPLAINT FOR UNLAWFUL DETAINER

3.    Defendants MICHELLE BLACKWELL and ALL UNKNOWN OCCUPANTS (collectively "Defendants") at all times herein mentioned resided in the State of California, County of LOS ANGELES.

4.    Defendants, and each of them, are currently in possession of and occupying the above-described premises.

5.    Defendants are the former trustors or holdover occupants of the former trustors.

6.    The true names and capacities, whether individual, corporate, associate or otherwise, of the defendants named herein as Does 1-20, and each of them, are unknown to Plaintiff, who therefore sues said defendants by their fictitious names, pursuant to Code of Civil Procedure § 474. Plaintiff will ask leave of the Court to amend its Complaint to include the true names and capacities of said defendants when the identities have been ascertained.

7.    Plaintiff is the owner of and entitled to immediate possession of the Property which is located at 2336 PASADENA AVE (MAIN), LONG BEACH, CALIFORNIA 90806, and located within Los Angeles County and the jurisdictional boundaries of this Court.

8.    Plaintiff owns said land by virtue of a foreclosure sale duly held pursuant to the power of sale under the Deed of Trust executed by Defendants or their predecessors.

9.    Defendants or their predecessors defaulted under the terms of the subject Deed of Trust and underlying note, which was secured by the Property. Thereafter a Notice of Default and Breach of Conditions of the Deed of Trust and Election to Sell the Property, in an effort to satisfy the obligations thereby secured, was recorded in the Official Records of the County Recorder of Los Angeles County, California.

10.    After failure of Defendants or their predecessors to cure the default, a Trustee's Sale of the Property was duly noticed as required under California Civil Code § 2924 *et. seq*.

11.    At the time and place duly noticed for Trustee's Sale, the Property was sold to Plaintiff. The Trustee's Deed Upon Sale was thereafter recorded in the Los Angeles County Recorder's Office, thus duly perfecting Plaintiff's title to the Property. A true and correct certified copy of the Trustee's Deed Upon Sale is attached and incorporated hereto as **Exhibit A**.

12.    On March 20, 2019, Defendants were served with a written notice requiring them and

**COMPLAINT FOR UNLAWFUL DETAINER**

"All Persons in Possession" of the Property to quit and deliver up possession of the Property. A true and correct copy of said Notice to Vacate is attached and incorporated hereto as **Exhibit B**. A true and correct copy of the Proof of Service of Notice to Vacate is attached hereto as **Exhibit C**.

13. Defendants have failed and refused to deliver possession of the Property after expiration of the Notice to Vacate, as required by California Code of Civil Procedure § 1161a.

14. The Notice to Vacate expired on June 19, 2019, and as of the date of this Complaint, defendants retain possession of the Property without Plaintiff's permission or consent.

15. The reasonable value of the use and occupancy of the Property is equal to an amount according to proof at trial. Damage to the Plaintiff caused by Defendants' unlawful detention of the Property has accrued at such rate since June 19, 2019, and will continue to accrue until the date of entry of judgment in the above-captioned action.

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendants, and each of them, as follows:

1. Restitution and immediate possession of the Property;

2. An order restoring possession of the Property to Plaintiff;

3. Damages in an amount to be determined, according to proof at trial, at a daily rate from June 19, 2019 until the date that Judgment;

4. For costs of suit herein; and

5. For such other and further relief as the Court deems necessary and proper.

Dated:  June 19, 2019

**McCalla Raymer Leibert Pierce, LLP**

By: _____
Nabeel M Zuberi
Attorneys for Plaintiff, Wells Fargo Bank, N.A., as Trustee, on behalf of the registered holders of Morgan Stanley ABS Capital I Inc. Trust 2005-WMC6, Mortgage Pass-Through Certificates, Series 2005-WMC6

-4-

**COMPLAINT FOR UNLAWFUL DETAINER**

## **VERIFICATION**

I am an attorney duly licensed to practice in the State of California and am a member of the law firm of McCalla Raymer Leibert Pierce, LLP ("MRLP"), counsel for Plaintiff Wells Fargo Bank, N.A., as Trustee, on behalf of the registered holders of Morgan Stanley ABS Capital I Inc. Trust 2005-WMC6, Mortgage Pass-Through Certificates, Series 2005-WMC6. ("Plaintiff") was unable to make this verification because it is absent from Los Angeles County where my office is located.  For that reason, I make this verification for and on behalf of Plaintiff.  I have read the foregoing Complaint for Unlawful Detainer and know its contents. I am informed and believe, and on that ground allege that the matters stated therein are true.

Executed this ___19th___ day of June 2019, at Long Beach, California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

_____
Nabeel M Zuberi

**COMPLAINT FOR UNLAWFUL DETAINER**

**EXHIBIT "__A__"**

 

**This page is part of your document - DO NOT DISCARD**



## 20180652220



**Pages:
0004**

**Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California**

**06/29/18 AT 08:00AM**

| | |
|---|---|
| FEES: | 26.00 |
| TAXES: | 0.00 |
| OTHER: | 0.00 |
| SB2: | 75.00 |
| PAID: | 101.00 |



**L E A D S H E E T**



201806293320012

00015427376



009183737

**SEQ:
01**

**SECURE - 8:00AM**



**THIS FORM IS NOT TO BE DUPLICATED**

*E502868*

8366473 rcv



RECORDING REQUESTED BY:
**First American Mortgage Solutions**

AND WHEN RECORDED MAIL TO:
**Wells Fargo Bank, N.A., as Trustee, on behalf
of the registered holders of Morgan Stanley ABS
Capital I Inc. Trust 2005-WMC6, Mortgage
Pass-Through Certificates, Series 2005-WMC6**
c/o SELECT PORTFOLIO SERVICING, INC
3217 S. Decker Lake Dr.
Salt Lake City, Utah 84119

SPACE ABOVE LINE FOR RECORDER'S USE

## TRUSTEE'S DEED UPON SALE

A.P.N 7208-017-009
Trustee's Sale No.  **13-2671-11**
    The undersigned grantor declares:

1. The grantee herein was the foreclosing beneficiary.
2. The amount of the unpaid debt together with costs was          $1,105,810.94
3. The amount paid by the grantee at the Trustee's sale was          $1,105,810.94
4. The documentary transfer tax is          $0.00
5. The city transfer tax is          $0.00
6. Said Property is in the City of:          Long Beach

**THE WOLF FIRM, A LAW CORPORATION** as duly appointed trustee under the Deed of Trust hereinafter described, (herein called Trustee) hereby grants and conveys, but without warranty, express or implied, to Wells **Fargo Bank, N.A., as Trustee, on behalf of the registered holders of Morgan Stanley ABS Capital I Inc. Trust 2005-WMC6, Mortgage Pass-Through Certificates, Series 2005-WMC6** (herein called grantee), all right, title and interest conveyed to and now held by it as Trustee under the Deed of Trust in and to the property situated in the County of Los Angeles, State of California, described as follows: **SEE ATTACHED LEGAL DESCRIPTION MARKED AS EXHIBIT "A" AND INCORPORATED HEREIN BY REFERRENCE.**

This conveyance is made pursuant to the powers conferred upon Trustee by that certain Deed of Trust executed by **MICHELLE BLACKWELL, A SINGLE WOMAN** as Trustor, dated 3/29/2005 and recorded on 4/13/2005, as **Instrument No. 05 0849141**, of official records, in the office of the Recorder of Los Angeles County, California, and after fulfillment of the conditions specified in said Deed of Trust authorizing this conveyance. Default occurred as set forth in a Notice of Default and Election to Sell which was filed for record in the office of the Recorder of said County, and such default still existed at the time of sale. All requirements of law regarding the mailing of copies of notices and the posting and publication of copies of the Notice of Sale have been complied with. Said property was sold by said trustee at public auction on 6/19/2018 at the place named in the Notice of Sale in the County of **Los Angeles**, California, in which the property is situated. Grantee, being the highest bidder at such sale, became the purchaser of said property and paid therefor to said trustee the amount bid, in lawful money of the United States, or by the satisfaction pro tanto, of the obligations then secured by said Deed of Trust.

**IN WITNESS WHEREOF THE WOLF FIRM, A LAW CORPORATION**, has this day, 6/20/18 caused its name to be thereunto affixed.

FATICO submits this document for
recordation as a courtesy for physical
convenience only. FATICO has not
examined this document for its validity,
sufficiency, or effect, if any, upon title to
the real property described herein.

THE WOLF FIRM, A LAW CORPORATION, AS TRUSTEE

By: _____
    RENAE C. MURRAY, DEPARTMENT MANAGER

> A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document, to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of **California** ) SS.
County of **ORANGE**

On  _6/22/18_  before me, **JOHN F. WERNER II**, **Notary Public,** Personally appeared, **RENAE C. MURRAY** who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____ (Seal)
**JOHN F. WERNER II, Notary Public**

JOHN F. WERNER II
Notary Public - California
Orange County
Commission # 2162594
My Comm. Expires Aug 13, 2020

ORDER NO: 8366473
REFERENCE NO: 13-2671-11

# EXHIBIT "A"

LOT 8 OF TRACT NO. 3463, IN THE CITY OF LONG BEACH, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA AS PER MAP RECORDED IN BOOK 38 PAGE (S) 51 OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

**EXHIBIT "__B__"**

**NOTICE TO ANY RENTERS LIVING AT**:
## 2336 PASADENA AVE, LONG BEACH, CA 90806

The attached notice means that your home was recently sold in foreclosure and the new owner plans to evict you.

You should talk to a lawyer <u>NOW</u> to see what your rights are. You may receive court papers in a few days. If your name is on the papers it may hurt your credit if you do not respond and simply move out.

Also, if you do not respond within five days of receiving the papers, even if you are not named in the papers, you will likely lose any rights you may have. In some cases, you can respond without hurting your credit. You should ask a lawyer about it.

You may have the right to stay in your home for 90 days or longer, regardless of any deadlines stated on any attached papers. In some cases and in some cities with a "just cause for eviction law," you may not have to move at all. But you must take the proper legal steps in order to protect your rights.

State law permits former tenants to reclaim abandoned personal property left at the former address of the tenant, subject to certain conditions. Your may or may not be able to reclaim property without incurring additional costs, depending on the cost of storing the property and the length of time before it is reclaimed. In general, these costs will be lower the sooner you contact your former landlord after being notified that property belonging to you was left behind after you moved out.

**<u>How to Get Legal Help</u>**

If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

# NOTICE TO VACATE PREMISES LOCATED AT:
# 2336 PASADENA AVE, LONG BEACH, CA 90806

**TO:**

**MICHELLE BLACKWELL AND ALL PERSONS IN POSSESSION OF AND WHO OCCUPY THE REAL PROPERTY AT THE ABOVE ADDRESS:**

**THIS IS THE FIRST STEP IN A LAWSUIT AGAINST YOU. THE FAILURE TO VACATE THE PREMISES AS SPECIFIED BELOW WILL RESULT IN A LAWSUIT BEING FILED AGAINST YOU. A COURT JUDGMENT AGAINST YOU WILL BE RECORDED WITH NATIONAL CREDIT REPORTING AGENCIES.**

**YOU ARE HEREBY NOTIFIED** that your right to occupy the real property at the above address has been terminated as the result of foreclosure sale of the real property by the trustee under a power of sale contained in a Deed of Trust which appeared of record against the subject property.

## NOTICE

NOTICE IS HEREBY GIVEN THAT YOU ARE REQUIRED TO VACATE THE PREMISES AND DELIVER UP POSSESSION OF THE PREMISES TO THE UNDERSIGNED:

(i)   Within **THREE (3) DAYS** after service of this Notice, in the event you are in possession of the premise and you are not a tenant or subtenant as described below; or

(ii)   Within **NINETY (90) DAYS** after service of this Notice, in the event you are a tenant or subtenant in possession of the rental housing unit sold in foreclosure.

In the event you fail to quit and deliver up possession of the real property you occupy at the above address to the undersigned agent for the owner, within the relevant Notice Period specified above, you will be deemed to be unlawfully detaining the premises, which will result in the commencement of court proceedings against you, by the owner, to recover possession of the premises as well as court costs and the reasonable rental value of the premises for each day of your continued occupancy following expiration of the Notice Period set forth below.

If you claim to be the recipient of tenant based assistance governed by Section 8 of the United States Housing Act of 1937 (42 USC § 1437), commonly referred to as the "Section 8 Housing Program", then you may be entitled to additional time in the property. Please contact our office and be prepared to provide us with all necessary information regarding your participation in the Section 8 Housing Program. If this information is verified, you will be required to vacate the premises within 90 days of the service of this notice. Additionally, this document constitutes notice that this tenancy has been terminated for good cause pursuant to 24 CFR § 982.310(d)(1) and (e)(1). This good cause termination is based on the owner's business and economic interest in the property and intent to sell.

This Notice is authorized pursuant to the provisions of *California Code of Civil Procedure* §§ 1161a, 1161b and 1161c and 12 U.S.C. § 5220.

Dated: March 18, 2019 **MCCALLA RAYMER LEIBERT PIERCE, LLP**

**Nabeel M Zuberi**

301 E. Ocean Boulevard, Suite 1720

Long Beach, CA 90802

Attorneys for Owner, Wells Fargo Bank, N.A., as Trustee, on behalf of the registered holders of Morgan Stanley ABS Capital I Inc. Trust 2005-WMC6, Mortgage Pass-Through Certificates, Series 2005-WMC6

To discuss this Notice, please contact the above at (562) 983-5375 between the hours of 9:00 a.m. to 4:00 p.m., Monday through Friday.

SUBJECT PROPERTY:

2336 PASADENA AVE, LONG BEACH, CA 90806

**DISCLAIMER: Under the Servicemembers Civil Relief Act, 50 U.S.C. App. §§ 501 *et seq.*, active duty military servicemembers may have additional rights and protections. PLEASE NOTIFY OUR OFFICE IMMEDIATELY if you or any other occupants in the property are active duty military. You may also wish to contact a member of your Judge Advocate Corps.**

**EXHIBIT "__C__"**

## PROOF OF SERVICE

**I, the undersigned, declare that I served the Notice (s) below indicated:**

### NOTICE TO VACATE PREMISES

The above described Notice(s) were served on the following named parties in the manner set forth below:

Person Served: ALL PERSONS IN POSSESSION OF AND WHO OCCUPY THE REAL PROPERTY

Re: 2336 PASADENA AVE, LONG BEACH, CA 90806  (the "Premises")

_____ 1. PERSONAL SERVICE

By delivering a copy of the Notice (s) on _____ (date), at _____ (time) to each of the above personally.

__**X**__ 2. CONSTRUCTIVE SERVICE

After due and diligent effort, by service of said Notice(s) as authorized by C.C.P Section 1162 (2,3) on each of the above named parties in the manner set forth below:

(A)     By leaving a copy for each of the above named parties on _____ at _____, with _____, a person of suitable age and discretion at the occupant's residence/business of the person to be served at _____. I informed him or her of the general nature of the paper(s); and thereafter mailing a copy to each said party by depositing said copies in the United States mail, in a sealed envelope with postage fully prepaid, addressed to each said party at their place where the property is situated on at _____.

(B)     By posting a copy for each of the above named parties on **03/20/2019** at **07:57 AM** in a conspicuous place on the property at **2336 PASADENA AVE, LONG BEACH, CA 90806** and thereafter mailing a copy to each said party by depositing said copies in the United States mail, in a sealed envelope with postage fully prepaid, addressed to each said party at their place where the property is situated on **03/20/2019**.

At the time of service, I was at least 18 years of age. I declare under penalty of perjury that the foregoing is true and correct.

Dated: March 20, 2019

Signature: _____

DEAN M. CARROLL
(Reg. No.: 5980, Los Angeles County)
EXPRESS NETWORK
P.O. Box 861057
Los Angeles, California 90086
(213) 975-9850

MCCRALV-0127506.GE

## PROOF OF SERVICE

**I, the undersigned, declare that I served the Notice (s) below indicated:**

### NOTICE TO VACATE PREMISES

The above described Notice(s) were served on the following named parties in the manner set forth below:

Person Served: MICHELLE BLACKWELL

Re: 2336 PASADENA AVE, LONG BEACH, CA 90806  (the "Premises")

_____ 1. PERSONAL SERVICE         By delivering a copy of the Notice (s) on _____ (date), at _____ (time) to each of the above personally.

__X__ 2. CONSTRUCTIVE SERVICE      After due and diligent effort, by service of said Notice(s) as authorized by C.C.P Section 1162 (2,3) on each of the above named parties in the manner set forth below:

(A)     By leaving a copy for each of the above named parties on _____ at _____, with _____, a person of suitable age and discretion at the occupant's residence/business of the person to be served at _____. I informed him or her of the general nature of the paper(s); and thereafter mailing a copy to each said party by depositing said copies in the United States mail, in a sealed envelope with postage fully prepaid, addressed to each said party at their place where the property is situated on at _____.

(B)     By posting a copy for each of the above named parties on **03/20/2019** at **07:57 AM** in a conspicuous place on the property at **2336 PASADENA AVE, LONG BEACH, CA 90806** and thereafter mailing a copy to each said party by depositing said copies in the United States mail, in a sealed envelope with postage fully prepaid, addressed to each said party at their place where the property is situated on **03/20/2019**.

At the time of service, I was at least 18 years of age. I declare under penalty of perjury that the foregoing is true and correct.

Dated: March 20, 2019

DEAN M. CARROLL
(Reg. No.: 5980, Los Angeles County)
EXPRESS NETWORK
P.O. Box 861057
Los Angeles, California 90086
(213) 975-9850

Signature:_____

MCCRALV-0127505.GE

**NOTICE:** EVERYONE WHO LIVES IN THIS RENTAL UNIT MAY BE EVICTED BY COURT ORDER. READ THIS FORM IF YOU LIVE HERE AND IF YOUR NAME IS NOT ON THE ATTACHED SUMMONS AND COMPLAINT.

1. If you live here and you do not complete and submit this form within 10 days of the date of service shown on this form, you will be evicted without further hearing by the court along with the persons named in the Summons and Complaint.
2. If you file this form, your claim will be determined in the eviction action against the persons named in the Complaint.
3. If you do not file this form, you will be evicted without further hearing.

CLAIMANT OR CLAIMANT'S ATTORNEY *(Name and Address):*     TELEPHONE NO.:     FOR COURT USE ONLY
Nabeel M Zuberi SBN: 294600      ; (562) 983-5378

McCalla Raymer Leibert Pierce, LLP

301 E. Ocean Boulevard, Suite 1720,

Long Beach, CA 90802
ATTORNEY FOR *(Name):* Wells Fargo

**NAME OF COURT:** Clerk of Court of Los Angeles County

STREET ADDRESS: 275 Magnolia Avenue

MAILING ADDRESS: 275 Magnolia Avenue

CITY AND ZIP CODE: Long Beach, 90802

BRANCH NAME:

PLAINTIFF: Wells Fargo Bank, N.A.

DEFENDANT: Michelle Blackwell,

CASE NUMBER:

### PREJUDGMENT CLAIM OF RIGHT TO POSSESSION

Complete this form only if ALL of these statements are true:
1. You are NOT named in the accompanying Summons and Complaint.
2. You occupied the premises on or before the date the unlawful detainer (eviction) Complaint was filed.
3. You still occupy the premises.

*(To be completed by the process server)*
DATE OF SERVICE:

*(Date that this form is served or delivered, and posted, and mailed by the officer or process server)*

I DECLARE THE FOLLOWING UNDER PENALTY OF PERJURY:

1. My name is *(specify):*

2. I reside at *(street address, unit No., city and ZIP code):*

3. The address of "the premises" subject to this claim is *(address):*

4. On *(insert date):* _____ , the landlord or the landlord's authorized agent filed a complaint to recover possession of the premises. *(This date is the court filing date on the accompanying Summons and Complaint.*

5. I occupied the premises on the date the complaint was filed *(the date in item 4).* I have continued to occupy the premises ever since.

6. I was at least 18 years of age on the date the complaint was filed *(the date in item 4).*

7. I claim a right to possession of the premises because I occupied the premises on the date the complaint was filed *(the date in item 4).*

8. I was not named in the Summons and Complaint.

9. I understand that if I make this claim of right to possession, I will be added as a defendant to the unlawful detainer (eviction) action.

10. *(Filing fee)* I understand that I must go to the  court and pay a filing fee of  $                        or file with the court the form "Application for Waiver of Court Fees and Costs."  I understand that if I don't pay the filing fee or file with the court the form for waiver of court fees within 10 days from the date of service on this form (excluding court holidays), I will not be entitled to make a claim of right to possession.

*(Continued on reverse)*

CP10.5 [New January 1, 1991]     **PREJUDGMENT CLAIM OF RIGHT TO POSSESSION**     Code of Civil Procedure §§ 415.46, 715.010, 715.020, 1174.25
Westlaw Doc & Form Builder™

| PLAINTIFF *(Name):* Wells Fargo Bank, N.A. | CASE NUMBER: |
|---|---|
| DEFENDANT *(Name):* Blackwell | |

---

> **NOTICE: If you fail to file this claim, you will be evicted without further hearing.**

11. *(Response required within five days after you file this form)* I understand that I will have *five days* (excluding court holidays) to file a response to the Summons and Complaint after I file this Prejudgment Claim of Right to Possession form.

12. **Rental agreement.** I have *(check all that apply to you)*:
  a. ☐ an oral rental agreement with the landlord.
  b. ☐ a written rental agreement with the landlord.
  c. ☐ an oral rental agreement with a person other than the landlord.
  d. ☐ a written rental agreement with a person other than the landlord.
  e. ☐ other *(explain):*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

> **WARNING: Perjury is a felony punishable by imprisonment in the state prison.**

Date:

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  ▶  _____
(TYPE OR PRINT NAME)                              (SIGNATURE OF CLAIMANT)

> **NOTICE:** If you file this claim of right to possession, the unlawful detainer (eviction) action against you will be determined at trial. At trial, you may be found liable for rent, costs, and, in some cases, treble damages.

---

### — NOTICE TO OCCUPANTS —

**YOU MUST ACT AT ONCE if all the following are true:**
  1. **You are NOT named in the accompanying Summons and Complaint.**
  2. **You occupied the premises on or before the date the unlawful detainer (eviction) complaint was filed.** *(The date is the court filing date on the accompanying Summons and Complaint.)*
  3. **You still occupy the premises.**

*(Where to file this form)*   You can complete and SUBMIT THIS CLAIM FORM WITHIN 10 DAYS from the date of service (on the reverse of this form) at the court where the unlawful detainer (eviction) action was filed.

*(What will happen if you do not file this form)*   If you do not complete and submit this form and pay a filing fee or file the form for proceeding in forma pauperis if you cannot pay the fee), YOU WILL BE EVICTED.

After this form is properly filed, you will be added as a defendant in the unlawful detainer (eviction) action and your right to occupy the premises will be decided by the court. *If you do not file this claim, you will be evicted without a hearing.*

---

EXHIBIT 3

22LBUD01781

Assigned for all purposes to: Governor George Deukmejian Courthouse, Judicial Officer: Gregory Lesser

Electronically FILED by Superior Court of California, County of Los Angeles on 08/12/2022 11:47 AM Sherri R. Carter, Executive Officer/Clerk of Court, by K. Ramirez, Deputy Clerk

1    Mark Domeyer, SBN 135008
     MCCALLA RAYMER LEIBERT PIERCE, LLP
2    301 E. Ocean Boulevard, Suite 1720
     Long Beach, CA 90802
3    Phone: (562) 983-5375
     Facsimile: (562) 983-5375
4

5    Attorneys for Plaintiff,
     WELLS FARGO BANK, N.A., AS TRUSTEE, ON BEHALF OF THE REGISTERED
6    HOLDERS OF MORGAN STANLEY ABS CAPITAL I INC. TRUST 2005-WMC6,
     MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-WMC6
7

8                   SUPERIOR COURT OF THE STATE OF CALIFORNIA

9
                        FOR THE COUNTY OF LOS ANGELES
10

11   WELLS FARGO BANK, N.A., AS          )  CASE NO.: 22LBUD01781
12   TRUSTEE, ON BEHALF OF THE           )
     REGISTERED HOLDERS OF MORGAN        )  COMPLAINT FOR UNLAWFUL
13   STANLEY ABS CAPITAL I INC. TRUST    )  DETAINER FOLLOWING FORECLOSURE
     2005-WMC6, MORTGAGE PASS-           )  SALE [CALIFORNIA CODE OF CIVIL
14   THROUGH CERTIFICATES, SERIES 2005-  )  PROCEDURE § 1161a]
15   WMC6                                )
                  Plaintiff,             )  Limited Civil Case
16                                       )
17           vs.                         )  Amount Not Exceeding $10,000.00
                                         )
18   B L BLACKWELL, MIRICLE ISLAND,      )
     GLADYS M COPELAND, LAJORNE          )
19   LIZANA, ANN LIZANA and DOES 1       )
     through 20, Inclusive,
20                  Defendants.

21

22       Plaintiff, for its complaint hereby alleges the following:

23       1.   Plaintiff WELLS FARGO BANK, N.A., AS TRUSTEE, ON BEHALF OF THE

24   REGISTERED HOLDERS OF MORGAN STANLEY ABS CAPITAL I INC. TRUST 2005-

25   WMC6, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-WMC6

26   ("Plaintiff"), is the owner of record and entitled to possession of the real property located at

27   2336 PASADENA AVE, LONG BEACH, CALIFORNIA 90806 ("Property"). The Property is

28   located in the above-referenced Judicial District and County.

         2.   Plaintiff is an entity lawfully conducting business in California.

                                      -2-
                       **COMPLAINT FOR UNLAWFUL DETAINER**

19-00150CA

1      3.   Defendants B L BLACKWELL, MIRICLE ISLAND, GLADYS M COPELAND,

2  LAJORNE LIZANA AND ANN LIZANA and ALL UNKNOWN OCCUPANTS (collectively

3  "Defendants") at all times herein mentioned resided in the State of California, County of LOS

4  ANGELES.

5      4.   Defendants, and each of them, are currently in possession of and occupying the above-

6  described premises.

7      5.   Defendants are the former trustors or holdover occupants of the former trustors.

8      6.   The true names and capacities, whether individual, corporate, associate or otherwise, of

9  the defendants named herein as Does 1-20, and each of them, are unknown to Plaintiff, who

10 therefore sues said defendants by their fictitious names, pursuant to Code of Civil Procedure §

11 474. Plaintiff will ask leave of the Court to amend its Complaint to include the true names and

12 capacities of said defendants when the identities have been ascertained.

13     7.   Plaintiff is the owner of and entitled to immediate possession of the Property which is

14 located at 2336 PASADENA AVE, LONG BEACH, CALIFORNIA 90806, and located within

15 Los Angeles County and the jurisdictional boundaries of this Court.

16     8.   Plaintiff owns said land by virtue of a foreclosure sale duly held pursuant to the power

17 of sale under the Deed of Trust executed by Defendants or their predecessors.

18     9.   Defendants or their predecessors defaulted under the terms of the subject Deed of Trust

19 and underlying note, which was secured by the Property. Thereafter a Notice of Default and

20 Breach of Conditions of the Deed of Trust and Election to Sell the Property, in an effort to

21 satisfy the obligations thereby secured, was recorded in the Official Records of the County

22 Recorder of Los Angeles County, California.

23     10. After failure of Defendants or their predecessors to cure the default, a Trustee's Sale of

24 the Property was duly noticed as required under California Civil Code § 2924 *et. seq.*

25     11. At the time and place duly noticed for Trustee's Sale, the Property was sold to Plaintiff.

26 The Trustee's Deed Upon Sale was thereafter recorded in the Los Angeles County Recorder's

27 Office, thus duly perfecting Plaintiff's title to the Property. A true and correct certified copy of

28 the Trustee's Deed Upon Sale is attached and incorporated hereto as **Exhibit A**.

-3-

**COMPLAINT FOR UNLAWFUL DETAINER**

19-00150CA

1    12. The former trustor, Michelle Blackwell, in violation of the terms of her loan documents

2  , purported to transfer any interest in the Property to Miricle Island by Warranty Deed recorded

3  in the Los Angeles Recorder's Office on June 16, 2016 as instrument no. 20160698613

4  ("Warranty Deed"). A true copy of the Warranty Deed is attached hereto as **Exhibit D** and is

5  incorporated herein by this reference.

6    13. Upon information and belief, the former Trustor (Michelle Blackwell), Ann Lizana and

7  perhaps other Defendants claim that they obtained an order to quiet title in their favor in a civil

8  action in Los Angeles County Superior Court entitled, Michelle Blackwell vs. WMC Mortgage

9  Corp; WMC Mortgage LLC; Morgan Stanley ABS Capital I; Secured Funding Corp.; and all

10  persons claiming by, through and under such person, all persons unknown claiming any legal or

11  equitable right, title, estate, lien or interest in property describe (sic) in complaint to quiet title

12  to real property, and DOES 1 to 10 inclusive, case No. BC501357 (the "Quiet Title Action").

13    14. Defendant did not prevail in the Quiet Title Action. Instead the Plaintiff herein, as

14  Plaintiff in Intervention in the Quiet Title Action prevailed and obtained an Order Granting

15  Plaintiff in Intervention Wells Fargo's Motion to Expunge Lis Pendens and for Attorney's Fees

16  and Cost entered in Case No. BC501357 on September 7, 2018 (the "Quiet Title Order"). The

17  Quiet Title Order provides in pertinent part: Wells Fargo's Motion to Expunge Lis Pendens is

18  granted. As this Court has now granted judgment in favor of Wells Fargo, there remains no

19  causes of action relating to a real property claim. Defendant in Intervention Michelle

20  Blackwell shall pay attorney's fees and costs in the amount of $1,985.00."

21    15. Ann Lizana filed answers in a prior UD cases involving the property, including case no.

22  19LBUD01642 with a supporting declaration dated March 2, 2020 filed under penalty of

23  perjury as attachment number 1 (the "Lizana Declaration"). In the Lizana Declaration she

24  testified: "2. As a matter of record, I presently reside on the property and have been there

25  since the current owner, the religious organization Miricle Island ("MI"), acquired it from the

26  former owner Michelle Blackwell ("Former Owner") in June of 2016.

27    16. In testimony at hearing on August 10, 2022 on her motion for Summary Judgment, Ann

28  Lizana again testified that she continues to occupy the Property.

-4-

19-00150CA

17. On March 20, 2019, Defendants were served with a written notice requiring them and "All Persons in Possession" of the Property to quit and deliver up possession of the Property. A true and correct copy of said Notice to Vacate is attached and incorporated hereto as **Exhibit B**. A true and correct copy of the Proof of Service of Notice to Vacate is attached hereto as **Exhibit C**.

18. Defendants have failed and refused to deliver possession of the Property after expiration of the Notice to Vacate, as required by California Code of Civil Procedure § 1161a.

19. The Notice to Vacate expired on June 19, 2019, and as of the date of this Complaint, defendants retain possession of the Property without Plaintiff's permission or consent.

20. The reasonable value of the use and occupancy of the Property is equal to an amount according to proof at trial.  Damage to the Plaintiff caused by Defendants' unlawful detention of the Property has accrued at such rate since June 19, 2019, and will continue to accrue until the date of entry of judgment in the above-captioned action.

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendants, and each of them, as follows:

1.   Restitution and immediate possession of the Property;

2.   An order restoring possession of the Property to Plaintiff;

3.   Damages in an amount to be determined, according to proof at trial, at a daily rate from June 19, 2019 until the date that Judgment;

4.   For costs of suit herein; and

5.   For such other and further relief as the Court deems necessary and proper.

Dated:  August 12, 2022          **McCalla Raymer Leibert Pierce, LLP**

By:   _____
                      Mark Domeyer
                      Attorneys for Plaintiff, Wells Fargo Bank, N.A., as
                      Trustee, on behalf of the registered holders of Morgan
                      Stanley ABS Capital I Inc. Trust 2005-WMC6,
                      Mortgage Pass-Through Certificates, Series 2005-
                      WMC6

-5-

**COMPLAINT FOR UNLAWFUL DETAINER**

## VERIFICATION

I am an attorney duly licensed to practice in the State of California and am a member of the law firm of McCalla Raymer Leibert Pierce, LLP ("MRLP"), counsel for Plaintiff Wells Fargo Bank, N.A., as Trustee, on behalf of the registered holders of Morgan Stanley ABS Capital I Inc. Trust 2005-WMC6, Mortgage Pass-Through Certificates, Series 2005-WMC6. ("Plaintiff") was unable to make this verification because it is absent from Los Angeles County where my office is located. For that reason, I make this verification for and on behalf of Plaintiff. I have read the foregoing Complaint for Unlawful Detainer and know its contents. I am informed and believe, and on that ground allege that the matters stated therein are true.

Executed this 12th day of August 2022, at Long Beach, California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Mark Domeyer

-6-

**COMPLAINT FOR UNLAWFUL DETAINER**

19-00150CA

EXHIBIT "__A__"

This page is part of your document - DO NOT DISCARD

## 20180652220





**Pages:**
**0004**

Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California

**06/29/18 AT 08:00AM**

| | |
|---|---:|
| FEES: | 26.00 |
| TAXES: | 0.00 |
| OTHER: | 0.00 |
| SB2: | 75.00 |
| PAID: | 101.00 |



**L E A D S H E E T**



201806293320012

00015427376

009183737

**SEQ:**
**01**

SECURE - 8:00AM



**THIS FORM IS NOT TO BE DUPLICATED**



8366473 rcv

FOR REFERENCE ONLY: 20180652220

RECORDING REQUESTED BY:
**First American Mortgage Solutions**

AND WHEN RECORDED MAIL TO:
Wells Fargo Bank, N.A., as Trustee, on behalf
of the registered holders of Morgan Stanley ABS
Capital I Inc. Trust 2005-WMC6, Mortgage
Pass-Through Certificates, Series 2005-WMC6
c/o SELECT PORTFOLIO SERVICING, INC
3217 S. Decker Lake Dr.
Salt Lake City, Utah 84119

SPACE ABOVE LINE FOR RECORDER'S USE

## TRUSTEE'S DEED UPON SALE

A.P.N 7208-017-009
Trustee's Sale No.      13-2671-11
    The undersigned grantor declares:

| | | |
|---|---|---|
| 1. | The grantee herein was the foreclosing beneficiary. | |
| 2. | The amount of the unpaid debt together with costs was | $1,105,810.94 |
| 3. | The amount paid by the grantee at the Trustee's sale was | $1,105,810.94 |
| 4. | The documentary transfer tax is | $0.00 |
| 5. | The city transfer tax is | $0.00 |
| 6. | Said Property is in the City of: | Long Beach |

**THE WOLF FIRM, A LAW CORPORATION** as duly appointed trustee under the Deed of Trust hereinafter described, (herein called Trustee) hereby grants and conveys, but without warranty, express or implied, to **Wells Fargo Bank, N.A., as Trustee, on behalf of the registered holders of Morgan Stanley ABS Capital I Inc. Trust 2005-WMC6, Mortgage Pass-Through Certificates, Series 2005-WMC6** (herein called grantee), all right, title and interest conveyed to and now held by it as Trustee under the Deed of Trust in and to the property situated in the County of Los Angeles, State of California, described as follows: SEE ATTACHED LEGAL DESCRIPTION MARKED AS EXHIBIT "A" AND INCORPORATED HEREIN BY REFERRENCE.

This conveyance is made pursuant to the powers conferred upon Trustee by that certain Deed of Trust executed by **MICHELLE BLACKWELL, A SINGLE WOMAN** as Trustor, dated 3/29/2005 and recorded on 4/13/2005, as Instrument No. 05 0849141, of official records, in the office of the Recorder of Los Angeles County, California, and after fulfillment of the conditions specified in said Deed of Trust authorizing this conveyance. Default occurred as set forth in a Notice of Default and Election to Sell which was filed for record in the office of the Recorder of said County, and such default still existed at the time of sale. All requirements of law regarding the mailing of copies of notices and the posting and publication of copies of the Notice of Sale have been complied with. Said property was sold by said trustee at public auction on 6/19/2018 at the place named in the Notice of Sale in the County of Los Angeles, California, in which the property is situated. Grantee, being the highest bidder at such sale, became the purchaser of said property and paid therefor to said trustee the amount bid, in lawful money of the United States, or by the satisfaction pro tanto, of the obligations then secured by said Deed of Trust.

IN WITNESS WHEREOF THE WOLF FIRM, A LAW CORPORATION, has this day, 6/20/18 caused its name to be thereunto affixed.

FATICO submits this document for recordation as a courtesy for physical convenience only. FATICO has not examined this document for its validity, sufficiency, or effect, if any, upon title to the real property described herein.

THE WOLF FIRM, A LAW CORPORATION, AS TRUSTEE

By: _____
RENAE C. MURRAY, DEPARTMENT MANAGER

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document, to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of **California** ) SS.
County of **ORANGE**

On __6/22/18__ before me, **JOHN F. WERNER II**, Notary Public, Personally appeared, **RENAE C. MURRAY** who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____ (Seal)
        JOHN F. WERNER II, Notary Public

JOHN F. WERNER II
Notary Public - California
Orange County
Commission # 2162594
My Comm. Expires Aug 13, 2020

ORDER NO: 8366473
REFERENCE NO: 13-2671-11

# EXHIBIT "A"

LOT 8 OF TRACT NO. 3463, IN THE CITY OF LONG BEACH, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA AS PER MAP RECORDED IN BOOK 38 PAGE (S) 51 OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

EXHIBIT "__B__"

NOTICE TO ANY RENTERS LIVING AT:
## 2336 PASADENA AVE, LONG BEACH, CA 90806

The attached notice means that your home was recently sold in foreclosure and the new owner plans to evict you.

You should talk to a lawyer <u>NOW</u> to see what your rights are. You may receive court papers in a few days. If your name is on the papers it may hurt your credit if you do not respond and simply move out.

Also, if you do not respond within five days of receiving the papers, even if you are not named in the papers, you will likely lose any rights you may have. In some cases, you can respond without hurting your credit. You should ask a lawyer about it.

You may have the right to stay in your home for 90 days or longer, regardless of any deadlines stated on any attached papers. In some cases and in some cities with a "just cause for eviction law," you may not have to move at all. But you must take the proper legal steps in order to protect your rights.

State law permits former tenants to reclaim abandoned personal property left at the former address of the tenant, subject to certain conditions.  Your may or may not be able to reclaim property without incurring additional costs, depending on the cost of storing the property and the length of time before it is reclaimed.  In general, these costs will be lower the sooner you contact your former landlord after being notified that property belonging to you was left behind after you moved out.

**How to Get Legal Help**

If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

19-00150CA

## NOTICE TO VACATE PREMISES LOCATED AT:

## 2336 PASADENA AVE, LONG BEACH, CA 90806

TO:

**MICHELLE BLACKWELL AND ALL PERSONS IN POSSESSION OF AND WHO OCCUPY THE REAL PROPERTY AT THE ABOVE ADDRESS:**

**THIS IS THE FIRST STEP IN A LAWSUIT AGAINST YOU. THE FAILURE TO VACATE THE PREMISES AS SPECIFIED BELOW WILL RESULT IN A LAWSUIT BEING FILED AGAINST YOU. A COURT JUDGMENT AGAINST YOU WILL BE RECORDED WITH NATIONAL CREDIT REPORTING AGENCIES.**

**YOU ARE HEREBY NOTIFIED** that your right to occupy the real property at the above address has been terminated as the result of foreclosure sale of the real property by the trustee under a power of sale contained in a Deed of Trust which appeared of record against the subject property.

## NOTICE

NOTICE IS HEREBY GIVEN THAT YOU ARE REQUIRED TO VACATE THE PREMISES AND DELIVER UP POSSESSION OF THE PREMISES TO THE UNDERSIGNED:

(i)   Within **THREE (3) DAYS** after service of this Notice, in the event you are in possession of the premise and you are not a tenant or subtenant as described below; or

(ii)  Within **NINETY (90) DAYS** after service of this Notice, in the event you are a tenant or subtenant in possession of the rental housing unit sold in foreclosure.

In the event you fail to quit and deliver up possession of the real property you occupy at the above address to the undersigned agent for the owner, within the relevant Notice Period specified above, you will be deemed to be unlawfully detaining the premises, which will result in the commencement of court proceedings against you, by the owner, to recover possession of the premises as well as court costs and the reasonable rental value of the premises for each day of your continued occupancy following expiration of the Notice Period set forth below.

If you claim to be the recipient of tenant based assistance governed by Section 8 of the United States Housing Act of 1937 (42 USC § 1437), commonly referred to as the "Section 8 Housing Program", then you may be entitled to additional time in the property. Please contact our office and be prepared to provide us with all necessary information regarding your participation in the Section 8 Housing Program. If this information is verified, you will be required to vacate the premises within 90 days of the service of this notice. Additionally, this document constitutes notice that this tenancy has been terminated for good cause pursuant to 24 CFR § 982.310(d)(1) and (e)(1). This good cause termination is based on the owner's business and economic interest in the property and intent to sell.

19-00150CA

This Notice is authorized pursuant to the provisions of *California Code of Civil Procedure* §§ 1161a, 1161b and 1161c and 12 U.S.C. § 5220.

Dated: March 18, 2019

**MCCALLA RAYMER LEIBERT PIERCE, LLP**

**Nabeel M Zuberi**

301 E. Ocean Boulevard, Suite 1720

Long Beach, CA 90802

Attorneys for Owner, Wells Fargo Bank, N.A., as Trustee, on behalf of the registered holders of Morgan Stanley ABS Capital I Inc. Trust 2005-WMC6, Mortgage Pass-Through Certificates, Series 2005-WMC6

To discuss this Notice, please contact the above at (562) 983-5375 between the hours of 9:00 a.m. to 4:00 p.m., Monday through Friday.

SUBJECT PROPERTY:

2336 PASADENA AVE, LONG BEACH, CA 90806

**DISCLAIMER: Under the Servicemembers Civil Relief Act, 50 U.S.C. App. §§ 501 *et seq.*, active duty military servicemembers may have additional rights and protections. PLEASE NOTIFY OUR OFFICE IMMEDIATELY if you or any other occupants in the property are active duty military. You may also wish to contact a member of your Judge Advocate Corps.**

19-00150CA

EXHIBIT " C "

## PROOF OF SERVICE

**I, the undersigned, declare that I served the Notice (s) below indicated:**

## NOTICE TO VACATE PREMISES

The above described Notice(s) were served on the following named parties in the manner set forth below:

Person Served: ALL PERSONS IN POSSESSION OF AND WHO OCCUPY THE REAL PROPERTY

Re: 2336 PASADENA AVE, LONG BEACH, CA 90806  (the "Premises")

_____ 1. PERSONAL SERVICE

By delivering a copy of the Notice (s) on _____ (date), at _____ (time) to each of the above personally.

__X__ 2. CONSTRUCTIVE SERVICE

After due and diligent effort, by service of said Notice(s) as authorized by C.C.P Section 1162 (2,3) on each of the above named parties in the manner set forth below:

(A)   By leaving a copy for each of the above named parties on _____ at _____, with _____, a person of suitable age and discretion at the occupant's residence/business of the person to be served at _____. I informed him or her of the general nature of the paper(s); and thereafter mailing a copy to each said party by depositing said copies in the United States mail, in a sealed envelope with postage fully prepaid, addressed to each said party at their place where the property is situated on at _____.

(B)   By posting a copy for each of the above named parties on  **03/20/2019**  at  **07:57 AM**  in a conspicuous place on the property at  **2336 PASADENA AVE, LONG BEACH, CA 90806** and thereafter mailing a copy to each said party by depositing said copies in the United States mail, in a sealed envelope with postage fully prepaid, addressed to each said party at their place where the property is situated on  **03/20/2019** .

At the time of service, I was at least 18 years of age. I declare under penalty of perjury that the foregoing is true and correct.

Dated: March 20, 2019

DEAN M. CARROLL
(Reg. No.: 5980, Los Angeles County)
EXPRESS NETWORK
P.O. Box 861057
Los Angeles, California 90086
(213) 975-9850

Signature: _____

## PROOF OF SERVICE

I, the undersigned, declare that I served the Notice (s) below indicated:

## NOTICE TO VACATE PREMISES

The above described Notice(s) were served on the following named parties in the manner set forth below:

Person Served: MICHELLE BLACKWELL

Re: 2336 PASADENA AVE, LONG BEACH, CA 90806 (the "Premises")

_____ 1. PERSONAL SERVICE

By delivering a copy of the Notice (s) on _____ (date), at _____ (time) to each of the above personally.

__X__ 2. CONSTRUCTIVE SERVICE

After due and diligent effort, by service of said Notice(s) as authorized by C.C.P Section 1162 (2,3) on each of the above named parties in the manner set forth below:

(A)     By leaving a copy for each of the above named parties on _____ at _____, with _____, a person of suitable age and discretion at the occupant's residence/business of the person to be served at _____. I informed him or her of the general nature of the paper(s); and thereafter mailing a copy to each said party by depositing said copies in the United States mail, in a sealed envelope with postage fully prepaid, addressed to each said party at their place where the property is situated on at _____.

(B)     By posting a copy for each of the above named parties on **03/20/2019** at **07:57 AM** in a conspicuous place on the property at **2336 PASADENA AVE, LONG BEACH, CA 90806** and thereafter mailing a copy to each said party by depositing said copies in the United States mail, in a sealed envelope with postage fully prepaid, addressed to each said party at their place where the property is situated on **03/20/2019**.

At the time of service, I was at least 18 years of age. I declare under penalty of perjury that the foregoing is true and correct.

Dated: March 20, 2019

Signature: _____

DEAN M. CARROLL
(Reg. No.: 5980, Los Angeles County)
EXPRESS NETWORK
P.O. Box 861057
Los Angeles, California 90086
(213) 975-9850

EXHIBIT "**D**"




This page is part of your document - DO NOT DISCARD

## 20160698613



**Pages:**
**0007**



Recorded/Filed In Official Records
Recorder's Office, Los Angeles County,
California

**06/16/16 AT 03:50PM**

| | |
|---|---|
| FEES: | 37.00 |
| TAXES: | 0.00 |
| OTHER: | 0.00 |
| PAID: | 37.00 |





**L E A D S H E E T**



201606163330067

**00012233003**


007618351

**SEQ:**
**01**

DAR - Counter (Upfront Scan)



**THIS FORM IS NOT TO BE DUPLICATED**

E497073

RECORDING REQUESTED BY

WHEN RECORDED MAIL TO

NAME Miricle Island

MAILING 2336 Pasadena A

CITY, STATE, ZIP CODE
LONG Beach, CA 90806

SPACE ABOVE THIS LINE RESERVED FOR RECORDER'S USE

## TITLE

WARRANTY DEED

RECORDING REQUESTED BY
WHEN RECORDED MAIL TAX STATEMENTS TO:
MIRICLE ISLAND
C/O L. Queen
2336 PASADENA AVENUE
LONG BEACH, CA 90806

## WARRANTY DEED

Property address: 2336 – 2338 Pasadena Avenue, Long Beach, California 90806

On this the 5th day of May, 2016, MICHELLE BLACKWELL, whose mailing address is, 2336 Pasadena Avenue, Long Beach, California 90806 did execute this deed, conveying, delivering, granting and transferring all the legal right title, and equitable interest, without division or reservation, to Miricle Island, a business entity of the state of California, with mailing address of: 2005 PALO VERDE AVE, # 152 LONG BEACH, CA 90815 described land, situated, lying, and being located in Los Angeles County, California to wit:

**LOT 8 OF TRACT NO 3463, IN THE CITY OF LONG BEACH, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 38 PAGE 51 OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY. APN # 7208 017 009**

Grantor fully guarantees, promises, and warrants to the grantee that there are no undisclosed claims, deeds, liens, encumbrances, or other liabilities associated with, relating, or attaching to, or affecting the property, subject of this transaction in any way. All claims or encumbrances, including all those which might be disputed or contingent, have been enumerated, itemized, and fully disclosed to the grantee after the grantor's diligent search of all relevant and accessible public and private records, stipulation to the conduct of which diligent
search is hereby made.

TO HAVE AND TO HOLD, the same in fee simple forever.

Signed and executed in Los Angeles County, California on this the 5th day of May, 2016 for ten dollars in hand and other valuable consideration.

In witness whereof, Grantor has hereunto set Grantor's hand and seal on this 5th day of May, 2016. Signed, sealed, and delivered in our presence:

DOCUMENTARY TRANSFER TAX $ _____
COMPUTED ON FULL VALUE OF PROPERTY CONVEYED
OR COMPUTED OF FULL VALUE LESS LIENS AND
ENCUMBRANCES REMAINING AT TIME OF SALE.
SIGNATURE OF DECLARANT OR AGENT DETERMINING TAX, FIRM NAME

*Conveyance Grantor for NO Value This is a bonafide gift and the grantor recieved nothing in return.*

WITNESS Grantor(s) hand(s) this the ___5___ day of ___May___, 20 _16_.

_____
Grantor

_Michelle Blackwell_
Type or Print Name

_____
Grantor

_____
Type or Print Name

## QUITCLAIM

The undersigned Grantor(s) declares that the documentary Transfer Tax is $__None__ City Tax is $__None__ and is:

**X** computed on full value less the value of liens and encumbrances remaining thereon at time of sale. The land is located at 2336 – 2338 Pasadena Avenue, Long Beach, California 90806 and is

FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged, do (does) hereby remise, release and forever quitclaim to ___MIRICLE ISLAND___ the following above described real property in the County of Los Angeles, State of California:

Date May 5, 2016

State of California
County of ___Los Angeles___

On ___May 5, 2016___ before me, __Yesenia Jimenez, Notary Public__
(here insert name and title of the officer), personally appeared __Michelle Blackwell__

_____, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument. I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____

YESENIA JIMENEZ
Commission # 2048216
Notary Public - California
Los Angeles County
My Comm. Expires Nov 5, 2017
(Seal)

MAIL TAX STATEMENTS TO PARTY SHOWN ON THE FOLLOWING LINE; IF NO PARTY SO SHOWN, MAIL AS DIRECTED ABOVE.

| Miricle Island | 2336 Pasadena Avenue | Long Beach | California |
|---|---|---|---|
| Name | Street Address | City | State |

## ASSIGNMENT & ASSOCIATED RIGHTS

On this the 5th day of May, 2016, Michelle Blackwell, grantor, whose address is: 2336 – 2338 Pasadena Avenue, Long Beach, California 90806, executed this Assignment of Rights to grantee Miricle Island, for the purpose of executing this warranty deed.

Wherefore, by all to whom this document may come, let it be known that said grantors, assignors, transferors, Michelle Blackwell ---for and in consideration of the sum of $25.00 *(twenty-five* and no/100 dollars) and other good and valuable considerations from said assignee and transferee Miricle Island, the receipt and sufficiency of which is hereby acknowledged---have granted (and did on May 5, 2016, actually deed, grant, sell, and transfer) unto Miricle Island, and do hereby now confirm the sale and transfer of all of their contractual rights, equitable interests, and statutory claims to Lincoln as Grantee. Grantors *have* also specifically assigned and transferred all other legal claims of *whatever* origin or description, arising from, concerning, or touching upon those certain lots or parcels situated in the City of Long Beach, County of Los Angeles, California more commonly known as 2336 – 2338 Pasadena Avenue, Long Beach, California 90806, but formally and fully described as Lot 8 and as set forth in bold print below.
Furthermore, without any express or implied limitation whatsoever, grantor Michelle Blackwell *have* specifically assigned, granted, and transferred all of their statutory, legal, equitable, and contractual interests in the notes, claims *conveying*, delivering, granting, and transferring all their legal rights, title, and equitable interests in the herein-described land or real estate, situated, lying and being located in The City of Long Beach, County of Los Angeles, California as well as the obligations to which they granted or contractually agreed to undertake with any party arising from and associated with the following described land or real estate (being two lots), situated in Los Angeles county, California:

> **LOT 8 OF TRACT NO 3463, IN THE CITY OF LONG BEACH, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 38 PAGE 51 OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY. APN# 7208 017 009**

## WARRANTY DEED CONFIRMED

And said grantors, assignors, transferors Michelle Blackwell, do hereby confirm and reaffirm that they, by separate document, have fully and irrevocably deeded, granted, transferred, and warranted unto Miricle Island, all of their legal and equitable rights, title, and interest in the land and real estate (being lot 8 more commonly known as 2338 Pasadena Avenue in the City of Long Beach as described in the bold print paragraphs

above), as well as their claims to and arising from any and all notes, contracts, and obligations which he and she, together, granted or contractually agreed to with respect to any party to Miricle Island to have and to hold, from this day forward, without limitation or qualification whatsoever.

In witness whereof, grantor, assignor and transferor have set unto the grantor's hand and seal the day of the above-and-foregoing quit claim deed, to wit 5th day of May 2016.

Signed, sealed and delivered in our presence:

_____

GRANTOR,

_Michelle  Blackwell_

MICHELLE BLACKWELL
2336 – 2338 Pasadena Avenue
Long Beach, California 90806

## WITNESSES & NOTARY

_____

Witness Signature

_____

Witness Name

**CALIFORNIA ALL-PURPOSE ACKNOWLEDGMENT**                    CIVIL CODE § 1189

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California )
County of ___California___ )

On ___May 5, 2016___ before me, ___Yesenia Jimenez, Notary Public___,
　　　　*Date*　　　　　　　　　*Here Insert Name and Title of the Officer*
personally appeared ___Michelle Blackwell___
　　　　　　　　　　　　　　*Name(s) of Signer(s)*

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

> YESENIA JIMENEZ
> Commission # 2048216
> Notary Public - California
> Los Angeles County
> My Comm. Expires Nov 5, 2017

Signature _____
　　　　　　　*Signature of Notary Public*

*Place Notary Seal Above*
———————————— **OPTIONAL** ————————————
*Though this section is optional, completing this information can deter alteration of the document or fraudulent reattachment of this form to an unintended document.*

**Description of Attached Document**
Title or Type of Document: ___Warranty Deed___
Document Date: ___05/05/2016___　　　　　　Number of Pages: ___4___
Signer(s) Other Than Named Above: ___No other signers___

**Capacity(ies) Claimed by Signer(s)**
Signer's Name: ___Michelle Blackwell___　　　Signer's Name: _____
☐ Corporate Officer — Title(s): _____　☐ Corporate Officer — Title(s): _____
☐ Partner — ☐ Limited   ☐ General　　　　☐ Partner — ☐ Limited   ☐ General
☑ Individual　　☐ Attorney in Fact　　　　☐ Individual　　☐ Attorney in Fact
☐ Trustee　　☐ Guardian or Conservator　☐ Trustee　　☐ Guardian or Conservator
☐ Other: _____　　　　　　　　　☐ Other: _____
Signer Is Representing: ___Self___　　　　Signer Is Representing: _____

©2015 National Notary Association • www.NationalNotary.org • 1-800-US NOTARY (1-800-876-6827)   Item #5907

CM-010

Electronically FILED by Superior Court of California, County of Los Angeles on 08/12/2022 11:47 AM Sherri R. Carter, Executive Officer/Clerk of Court, by K. Ramirez, Deputy Clerk

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* 22LBUD01781 | FOR COURT USE ONLY |
|---|---|
| Mark Domeyer SBN: 135008<br>McCalla Raymer Leibert Pierce, LLP<br>301 E Ocean Blvd, Suite 1720, Long Beach, CA 90802<br>TELEPHONE NO.: (562) 983-5375   FAX NO. *(Optional):* (562) 983-5375<br>E-MAIL ADDRESS:<br>ATTORNEY FOR *(Name):* Wells Fargo Bank | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Los Angeles
STREET ADDRESS: 275 Magnolia Avenue
MAILING ADDRESS:
CITY AND ZIP CODE: Long Beach, 90802
BRANCH NAME: Long Beach Courthouse

CASE NAME:
   Wells Fargo Bank vs Blackwell

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| ☐ Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | ☒ Limited<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter   ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | 22LBUD01781 |
| | | | | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation<br>(Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| ☐ Auto (22)<br>☐ Uninsured motorist (46)<br>**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**<br>☐ Asbestos (04)<br>☐ Product liability (24)<br>☐ Medical malpractice (45)<br>☐ Other PI/PD/WD (23)<br>**Non-PI/PD/WD (Other) Tort**<br>☐ Business tort/unfair business practice (07)<br>☐ Civil rights (08)<br>☐ Defamation (13)<br>☐ Fraud (16)<br>☐ Intellectual property (19)<br>☐ Professional negligence (25)<br>☐ Other non-PI/PD/WD tort (35)<br>**Employment**<br>☐ Wrongful termination (36)<br>☐ Other employment (15) | ☐ Breach of contract/warranty (06)<br>☐ Rule 3.740 collections (09)<br>☐ Other collections (09)<br>☐ Insurance coverage (18)<br>☐ Other contract (37)<br>**Real Property**<br>☐ Eminent domain/Inverse condemnation (14)<br>☐ Wrongful eviction (33)<br>☐ Other real property (26)<br>**Unlawful Detainer**<br>☐ Commercial (31)<br>☒ Residential (32)<br>☐ Drugs (38)<br>**Judicial Review**<br>☐ Asset forfeiture (05)<br>☐ Petition re: arbitration award (11)<br>☐ Writ of mandate (02)<br>☐ Other judicial review (39) | ☐ Antitrust/Trade regulation (03)<br>☐ Construction defect (10)<br>☐ Mass tort (40)<br>☐ Securities litigation (28)<br>☐ Environmental/Toxic tort (30)<br>☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)<br>**Enforcement of Judgment**<br>☐ Enforcement of judgment (20)<br>**Miscellaneous Civil Complaint**<br>☐ RICO (27)<br>☐ Other complaint *(not specified above)* (42)<br>**Miscellaneous Civil Petition**<br>☐ Partnership and corporate governance (21)<br>☐ Other petition *(not specified above)* (43) |

2. This case ☐ is   ☒ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☒ monetary  b. ☒ nonmonetary; declaratory or injunctive relief  c. ☐ punitive
4. Number of causes of action *(specify):* Two: Possession of Premises and damages
5. This case ☐ is   ☒ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: August 10, 2022

Mark Domeyer
_____
(TYPE OR PRINT NAME)                                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
Damage/Wrongful Death
Uninsured Motorist (46) *(if the
case involves an uninsured
motorist claim subject to
arbitration, check this item
instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/
Wrongful Death
Product Liability *(not asbestos or
toxic/environmental)* (24)
Medical Malpractice (45)
Medical Malpractice–
Physicians & Surgeons
Other Professional Health Care
Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip
and fall)
Intentional Bodily Injury/PD/WD
(e.g., assault, vandalism)
Intentional Infliction of
Emotional Distress
Negligent Infliction of
Emotional Distress
Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
Practice (07)
Civil Rights (e.g., discrimination,
false arrest) *(not civil
harassment)* (08)
Defamation (e.g., slander, libel)
(13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice
*(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease
Contract *(not unlawful detainer
or wrongful eviction)*
Contract/Warranty Breach–Seller
Plaintiff *(not fraud or negligence)*
Negligent Breach of Contract/
Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open
book accounts) (09)
Collection Case–Seller Plaintiff
Other Promissory Note/Collections
Case
Insurance Coverage *(not provisionally
complex)* (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property *(not eminent
domain, landlord/tenant, or
foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
drugs, check this item; otherwise,
report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court
Case Matter
Writ–Other Limited Court Case
Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor
Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
*(arising from provisionally complex
case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of
County)
Confession of Judgment *(non-
domestic relations)*
Sister State Judgment
Administrative Agency Award
*(not unpaid taxes)*
Petition/Certification of Entry of
Judgment on Unpaid Taxes
Other Enforcement of Judgment
Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
above)* (42)
Declaratory Relief Only
Injunctive Relief Only *(non-
harassment)*
Mechanics Lien
Other Commercial Complaint
Case *(non-tort/non-complex)*
Other Civil Complaint
*(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
Governance (21)
Other Petition *(not specified
above)* (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult
Abuse
Election Contest
Petition for Name Change
Petition for Relief From Late
Claim
Other Civil Petition

| SHORT TITLE | CASE NUMBER |
|---|---|
| Wells Fargo Bank vs Blackwell | 22LBUD01781 |

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION

### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

> **This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court**

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

> ### Applicable Reasons for Choosing Courthouse Location (Column C)

| | | | |
|---|---|---|---|
| 1. | Class Actions must be filed in the Stanley Mosk Courthouse, Central District. | 7. | Location where petitioner lives. |
| 2. | Permissive filing in Central District. | 8. | Location wherein defendant/respondent functions wholly. |
| 3. | Location where cause of action arose. | 9. | Location where one or more of the parties reside. |
| 4. | Mandatory personal injury filing in North District. | 10. | Location of Labor Commissioner Office. |
| 5. | Location where performance required, or defendant resides. | 11. | Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury). |
| 6. | Location of property or permanently garaged vehicle. | | |

| A<br>Civil Case Cover Sheet<br>Case Type | | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons<br>(See Step 3 above) |
|---|---|---|---|
| **Personal Injury Cases Assigned to the Personal Injury Hub Courts** | | | |
| Auto Tort | Auto (22) | ☐ 2201 Motor Vehicle – Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ 4601 Uninsured Motorist – Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Other Personal Injury/ Property Damage/ Wrongful Death (23) | ☐ 2301 Premise Liability (e.g., dangerous conditions of property, slip/trip and fall, dog attack, etc.) | 1, 4, 11 |
| | | ☐ 2302 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, battery, vandalism, etc.) | 1, 4, 11 |
| | | ☐ 2303 Intentional Infliction of Emotional Distress | 1, 4, 11 |
| | | ☐ 2304 Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | | ☐ 2307 Construction Accidents | 1, 4, 11 |

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

| SHORT TITLE | CASE NUMBER |
|---|---|
| Wells Fargo Bank vs Blackwell | |

| | **A**<br>Civil Case Cover Sheet<br>Case Type | **B**<br>Type of Action<br>(check only one) | **C**<br>Applicable Reasons<br>(See Step 3 above) |
|---|---|---|---|
| **Personal Injury Cases Assigned to the Independent Calendar Courts** | | | |
| Other Personal Injury/Property Damage/Wrongful Death Tort | Product Liability (24) | ☐ 2401 Product Liability (not asbestos or toxic/ environmental) | 1, 3, 5 |
| | | ☐ 2402 Product Liability – Song-Beverly Consumer Warranty Act (CA Civil Code §§1790-1795.8) (Lemon Law) | 1, 3, 5 |
| | Medical Malpractice (45) | ☐ 4501 Medical Malpractice – Physicians & Surgeons | 1, 3, 5 |
| | | ☐ 4502 Other Professional Health Case Malpractice | 1, 3, 5 |
| | Other Personal Injury / Property Damage / Wrongful Death (23) | ☐ 2305 Elder/Dependent Adult Abuse/Claims Against Skilled Nursing Facility | 1, 3, 5 |
| | | ☐ 2306 Intentional Conduct – Sexual Abuse Case (in any form) | 1, 3, 5 |
| | | ☐ 2308 Landlord – Tenant Habitability (e.g., bed bugs, mold, etc.) | 1, 3, 5 |
| **Other Civil Cases Assigned to Independent Calendar Courts** | | | |
| Non-Personal Injury/Property Damage /Wrongful Death Tort | Business Tort (07) | ☐ 0701 Other Commercial/Business Tort (not fraud or breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ 0801 Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ 1301 Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ 1601 Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ 2501 Legal Malpractice | 1, 2, 3 |
| | | ☐ 2502 Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ 3501 Other Non-Personal Injury/Property Damage Tort | 1, 2, 3 |
| Employment | Wrongful Termination (36) | ☐ 3601 Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ 1501 Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ 1502 Labor Commissioner Appeals | 10 |
| Contract | Breach of Contract / Warranty (06) (not insurance) | ☐ 0601 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ 0602 Contract/Warranty Breach – Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ 0603 Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |

LASC CIV 109 Rev. 05/22
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

LASC Local Rule 2.3

| SHORT TITLE | CASE NUMBER |
|---|---|
| Wells Fargo Bank vs Blackwell | |

| | A<br>Civil Case Cover Sheet<br>Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons<br>(See Step 3 above) |
|---|---|---|---|
| **Contract** | Breach of Contract/<br>Warranty (06)<br>(not insurance) | ☐ 0604 Other Breach of Contract/Warranty (no fraud/<br>negligence) | 1, 2, 5 |
| | | ☐ 0605 Breach of Rental/Lease Contract (COVID-19 Rental<br>Debt) | 2, 5 |
| | Collections (09) | ☐ 0901 Collections Case – Seller Plaintiff | 5, 6, 11 |
| | | ☐ 0902 Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ 0903 Collections Case – Purchased Debt (charged off<br>consumer debt purchased on or after January 1, 2014) | 5, 6, 11 |
| | | ☐ 0904 Collections Case – COVID-19 Rental Debt | 5, 11 |
| | Insurance Coverage (18) | ☐ 1801 Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ 3701 Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ 3702 Tortious Interference | 1, 2, 3, 5 |
| | | ☐ 3703 Other Contract Dispute (not breach/insurance/fraud/<br>negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/ Inverse<br>Condemnation (14) | ☐ 1401 Eminent Domain/Condemnation<br>Number of Parcels _____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ 3301 Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ 2601 Mortgage Foreclosure | 2, 6 |
| | | ☐ 2602 Quiet Title | 2, 6 |
| | | ☐ 2603 Other Real Property (not eminent domain,<br>landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer –<br>Commercial (31) | ☐ 3101 Unlawful Detainer – Commercial (not drugs or<br>wrongful eviction) | 6, 11 |
| | Unlawful Detainer –<br>Residential (32) | ☐ 3201 Unlawful Detainer – Residential (not drugs or<br>wrongful eviction) | 6, 11 |
| | Unlawful Detainer – Post<br>Foreclosure (34) | ☒ 3401 Unlawful Detainer – Post Foreclosure | 2, 6, 11 |
| | Unlawful Detainer –<br>Drugs (38) | ☐ 3801 Unlawful Detainer – Drugs | 2, 6, 11 |
| **Judicial Review** | Asset Forfeiture (05) | ☐ 0501 Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration<br>(11) | ☐ 1101 Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ 0201 Writ – Administrative Mandamus | 2, 8 |
| | | ☐ 0202 Writ – Mandamus on Limited Court Case Matter | 2 |
| | | ☐ 0203 Writ – Other Limited Court Case Review | 2 |

LASC CIV 109 Rev. 05/22
For Mandatory Use

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

LASC Local Rule 2.3

| SHORT TITLE | CASE NUMBER |
|---|---|
| Wells Fargo Bank vs Blackwell | |

| | A<br>Civil Case Cover Sheet<br>Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons<br>(See Step 3 above) |
|---|---|---|---|
| Judicial Review | Other Judicial Review (39) | ☐ 3901 Other Writ/Judicial Review | 2, 8 |
| | | ☐ 3902 Administrative Hearing | 2, 8 |
| | | ☐ 3903 Parking Appeal | 2, 8 |
| Provisionally Complex Litigation | Antitrust/Trade Regulation (03) | ☐ 0301 Antitrust/Trade Regulation | 1, 2, 8 |
| | Asbestos (04) | ☐ 0401 Asbestos Property Damage | 1, 11 |
| | | ☐ 0402 Asbestos Personal Injury/Wrongful Death | 1, 11 |
| | Construction Defect (10) | ☐ 1001 Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ 4001 Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ 2801 Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ 3001 Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ 4101 Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| Enforcement of Judgment | Enforcement of Judgment (20) | ☐ 2001 Sister State Judgment | 2, 5, 11 |
| | | ☐ 2002 Abstract of Judgment | 2, 6 |
| | | ☐ 2003 Confession of Judgment (non-domestic relations) | 2, 9 |
| | | ☐ 2004 Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ 2005 Petition/Certificate for Entry of Judgment Unpaid Tax | 2, 8 |
| | | ☐ 2006 Other Enforcement of Judgment Case | 2, 8, 9 |
| Miscellaneous Civil Complaints | RICO (27) | ☐ 2701 Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (not specified above) (42) | ☐ 4201 Declaratory Relief Only | 1, 2, 8 |
| | | ☐ 4202 Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ 4203 Other Commercial Complaint Case (non-tort/non-complex) | 1, 2, 8 |
| | | ☐ 4304 Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| Miscellaneous Civil Petitions | Partnership Corporation Governance (21) | ☐ 2101 Partnership and Corporation Governance Case | 2, 8 |
| | Other Petitions (not specified above) (43) | ☐ 4301 Civil Harassment with Damages | 2, 3, 9 |
| | | ☐ 4302 Workplace Harassment with Damages | 2, 3, 9 |

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

LASC Local Rule 2.3

| SHORT TITLE | CASE NUMBER |
|---|---|
| Wells Fargo Bank vs Blackwell | |

| | A<br>Civil Case Cover Sheet<br>Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons<br>(See Step 3 above) |
|---|---|---|---|
| Miscellaneous Civil Petitions | Other Petitions<br>(not specified above) (43) | ☐ 4303 Elder/Dependent Adult Abuse Case with Damages | 2, 3, 9 |
| | | ☐ 4304 Election Contest | 2 |
| | | ☐ 4305 Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ 4306 Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ 4307 Other Civil Petition | 2, 9 |

**Step 4:  Statement of Reason and Address:**  Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address, which is the basis for the filing location including zip code.  (No address required for class action cases).

| REASON:<br>☐ 1. ☐ 2. ☐ 3. ☐ 4. ☐ 5. ☒ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11. | ADDRESS:<br>2336 Pasadena Ave |
|---|---|
| CITY:<br>Long Beach | STATE:<br>CA | ZIP CODE:<br>90806 | |

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the _____South_____ District of the Superior Court of California, County of Los Angeles [Code of Civ. Proc., 392 et seq., and LASC Local Rule 2.3(a)(1)(E)]

Dated: ___August 10, 2022___               ___(signature)___
                                              (SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1.  Original Complaint or Petition.

2.  If filing a Complaint, a completed Summons form for issuance by the Clerk.

3.  Civil Case Cover Sheet Judicial Council form CM-010.

4.  Civil Case Cover Sheet Addendum and Statement of Location form LASC CIV 109 (05/22).

5.  Payment in full of the filing fee, unless there is a court order for waiver, partial or schedule payments.

6.  A signed order appointing a Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court to issue a Summons.

7.  Additional copies of documents to be conformed by the Clerk.  Copies of the cover sheet and this addendum must be served along with the Summons and Complaint, or other initiating pleading in the case.

**CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION**

LASC Local Rule 2.3

EXHIBIT 4

This page is part of your document - DO NOT DISCARD



**20160698613**



Pages:
0007

Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California

06/16/16 AT 03:50PM

| | |
|---|---|
| FEES: | 37.00 |
| TAXES: | 0.00 |
| OTHER: | 0.00 |
| PAID: | 37.00 |



L E A D S H E E T



201606163330067

00012233003

007618351

SEQ:
01

DAR - Counter (Upfront Scan)



THIS FORM IS NOT TO BE DUPLICATED

RECORDING REQUESTED BY

WHEN RECORDED MAIL TO

NAME Miricle Island

MAILING 2336 Pasadion Ar

CITY, STATE, ZIP CODE
Long Beach, CA 90806

SPACE ABOVE THIS LINE RESERVED FOR RECORDER'S USE

## TITLE

WARRANTY DEED

RECORDING REQUESTED BY
WHEN RECORDED MAIL TAX STATEMENTS TO:
MIRICLE ISLAND
C/O L. Queen
2336 PASADENA AVENUE
LONG BEACH, CA 90806

## WARRANTY DEED

Property address: 2336 – 2338 Pasadena Avenue, Long Beach, California 90806

On this the 5th day of May, 2016, MICHELLE BLACKWELL, whose mailing address is, 2336 Pasadena Avenue, Long Beach, California 90806 did execute this deed, conveying, delivering, granting and transferring all the legal right title, and equitable interest, without division or reservation, to Miricle Island, a business entity of the state of California, with mailing address of: 2005 PALO VERDE AVE, # 152 LONG BEACH, CA 90815 described land, situated, lying, and being located in Los Angeles County, California to wit:

**LOT 8 OF TRACT NO 3463, IN THE CITY OF LONG BEACH, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 38 PAGE 51 OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY. APN # 7208 017 009**

Grantor fully guarantees, promises, and warrants to the grantee that there are no undisclosed claims, deeds, liens, encumbrances, or other liabilities associated with, relating, or attaching to, or affecting the property, subject of this transaction in any way. All claims or encumbrances, including all those which might be disputed or contingent, have been enumerated, itemized, and fully disclosed to the grantee after the grantor's diligent search of all relevant and accessible public and private records, stipulation to the conduct of which diligent
search is hereby made.

TO HAVE AND TO HOLD, the same in fee simple forever.

Signed and executed in Los Angeles County, California on this the 5th day of May, 2016 for ten dollars in hand and other valuable consideration.

In witness whereof, Grantor has hereunto set Grantor's hand and seal on this 5th day of May, 2016. Signed, sealed, and delivered in our presence:

DOCUMENTARY TRANSFER TAX $
COMPUTED ON FULL VALUE OF PROPERTY CONVEYED
OR COMPUTED OF FULL VALUE LESS LIENS AND
ENCUMBRANCES REMAINING AT TIME OF SALE.

SIGNATURE OF DECLARANT OR AGENT DETERMINING TAX FIRM NAME

*Conveyance Grantor NO Value*
*This is a bonafide gift and the*
*Grantor recieved nothing in return.*

WITNESS Grantor(s) hand(s) this the __5__ day of __May__, 20 __16__

_____
Grantor

_Michelle Blackwell_
Type or Print Name

_____
Grantor

_____
Type or Print Name

## QUITCLAIM

The undersigned Grantor(s) declares that the documentary Transfer Tax is $__None__ City Tax is $__None__ and is:

X computed on full value less the value of liens and encumbrances remaining thereon at time of sale. The land is located at 2336 – 2338 Pasadena Avenue, Long Beach, California 90806

and is

FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged, do (does) hereby remise, release and forever quitclaim to __MIRICLE ISLAND__ the following above described real property in the County of Los Angeles, State of California:

Date _May 5, 2016_

State of California
County of ___Los Angeles___

On ___May 5, 2016___ before me, __Yesenia Jimenez, Notary Public__
(here insert name and title of the officer), personally appeared __Michelle Blackwell__

_____, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct

WITNESS my hand and official seal

Signature _____ (Seal)

> YESENIA JIMENEZ
> Commission # 2048216
> Notary Public - California
> Los Angeles County
> My Comm. Expires Nov 5, 2017

MAIL TAX STATEMENTS TO PARTY SHOWN ON THE FOLLOWING LINE: IF NO PARTY SO SHOWN, MAIL AS DIRECTED ABOVE.

| Miricle Island | 2336 Pasadena Avenue | Long Beach | California |
|---|---|---|---|
| Name | Street Address | City | State |

EXHIBIT 5

 

**This page is part of your document - DO NOT DISCARD**



## 20180652220



**Pages:
0004**

**Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California**

**06/29/18 AT 08:00AM**

| | |
|---|---|
| FEES: | 26.00 |
| TAXES: | 0.00 |
| OTHER: | 0.00 |
| SB2: | 75.00 |
| PAID: | 101.00 |



**L E A D S H E E T**



201806293320012

00015427376



009183737

**SEQ:
01**

**SECURE - 8:00AM**



**THIS FORM IS NOT TO BE DUPLICATED**

E502858

8366473 rcv



RECORDING REQUESTED BY:
**First American Mortgage Solutions**

AND WHEN RECORDED MAIL TO:
**Wells Fargo Bank, N.A., as Trustee, on behalf
of the registered holders of Morgan Stanley ABS
Capital I Inc. Trust 2005-WMC6, Mortgage
Pass-Through Certificates, Series 2005-WMC6**
c/o SELECT PORTFOLIO SERVICING, INC
3217 S. Decker Lake Dr.
Salt Lake City, Utah 84119

SPACE ABOVE LINE FOR RECORDER'S USE

## TRUSTEE'S DEED UPON SALE

A.P.N 7208-017-009
Trustee's Sale No.    **13-2671-11**
        The undersigned grantor declares:
1.  The grantee herein was the foreclosing beneficiary.
2.  The amount of the unpaid debt together with costs was          $1,105,810.94
3.  The amount paid by the grantee at the Trustee's sale was       $1,105,810.94
4.  The documentary transfer tax is                               $0.00
5.  The city transfer tax is                                      $0.00
6.  Said Property is in the City of:                              Long Beach

**THE WOLF FIRM, A LAW CORPORATION** as duly appointed trustee under the Deed of Trust hereinafter described, (herein called Trustee) hereby grants and conveys, but without warranty, express or implied, to **Wells Fargo Bank, N.A., as Trustee, on behalf of the registered holders of Morgan Stanley ABS Capital I Inc. Trust 2005-WMC6, Mortgage Pass-Through Certificates, Series 2005-WMC6** (herein called grantee),  all right, title and interest conveyed to and now held by it as Trustee under the Deed of Trust in and to the property situated in the County of  Los Angeles, State of  California, described as follows: **SEE ATTACHED LEGAL DESCRIPTION MARKED AS EXHIBIT "A" AND INCORPORATED HEREIN BY REFERRENCE.**

This conveyance is made pursuant to the powers conferred upon Trustee by that certain Deed of Trust executed by **MICHELLE BLACKWELL, A SINGLE WOMAN** as Trustor, dated 3/29/2005 and recorded on 4/13/2005, as **Instrument No. 05 0849141**, of official records, in the office of the Recorder of Los Angeles County, California, and after fulfillment of the conditions specified in said Deed of Trust authorizing this conveyance. Default occurred as set forth in a Notice of Default and Election to Sell which was filed for record in the office of the Recorder of said County, and such default still existed at the time of sale. All requirements of law regarding the mailing of copies of notices and the posting and publication of copies of the Notice of Sale have been complied with. Said property was sold by said trustee at public auction on 6/19/2018 at the place named in the Notice of Sale in the County of **Los Angeles**, California, in which the property is situated. Grantee, being the highest bidder at such sale, became the purchaser of said property and paid therefor to said trustee the amount bid, in lawful money of the United States, or by the satisfaction pro tanto, of the obligations then secured by said Deed of Trust.

**IN WITNESS WHEREOF THE WOLF FIRM, A LAW CORPORATION**, has this day,  6/22/18 caused its name to be thereunto affixed.

FATICO submits this document for recordation as a courtesy for physical convenience only. FATICO has not examined this document for its validity, sufficiency, or effect, if any, upon title to the real property described herein.

**THE WOLF FIRM, A LAW CORPORATION, AS TRUSTEE**

By: _____
        RENAE C. MURRAY, DEPARTMENT MANAGER

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document, to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of **California** ) SS.
County of **ORANGE**

On _6/22/18_ before me, **JOHN F. WERNER II, Notary Public,** Personally appeared, **RENAE C. MURRAY** who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____ (Seal)
**JOHN F. WERNER II, Notary Public**

JOHN F. WERNER II
Notary Public - California
Orange County
Commission # 2162594
My Comm. Expires Aug 13, 2020

ORDER NO: 8366473
REFERENCE NO: 13-2671-11

# EXHIBIT "A"

LOT 8 OF TRACT NO. 3463, IN THE CITY OF LONG BEACH, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA AS PER MAP RECORDED IN BOOK 38 PAGE (S) 51 OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

EXHIBIT 6

1  Mark Domeyer, SBN 135008
   McCalla Raymer Lebiert Pierce LLP
2  301 E. Ocean Blvd., Suite 1720
3  Long Beach, CA 90802
   (562) 983-5375
4  Mark.Domeyer@McCalla.com

5  Attorney for Plaintiff, Wells Fargo Bank, N.A., as Trustee, on behalf of the registered holders
6  of Morgan Stanley ABS Capital I Inc. Trust 2005-WMC6, Mortgage Pass-Through Certificates, Series
   2005-WMC6

7

8              LOS ANGELES COUNTY SUPERIOR COURT

9                    LONG BEACH COURTHOUSE

10

11  WELLS FARGO BANK, N.A., AS          )   Case No.: 22LBUD01762
    TRUSTEE, ON BEHALF OF THE           )
12  REGISTERED HOLDERS OF MORGAN        )
    STANLEY ABS CAPITAL I INC. TRUST    )   **DECLARATIONS OF CHRISTOPHER T.**
13  2005-WMC6, MORTGAGE PASS-           )   **PLANTIER IN SUPPORT THEREOF**
    THROUGH CERTIFICATES, SERIES 2005-  )
14  WMC6                                )
                                        )   [Filed Plaintiff's Separate Statement of
15                                      )   Undisputed Facts Supporting Evidence on
              Plaintiff,               )   Motion for Summary Judgment, [Proposed]
16                                      )   Order/Judgment]
        vs.                            )
17                                      )   DATE:  4/10/2023
                                        )   TIME:  1:30 p.m.
18  LAJORNE LIZANA, ANN LIZANA,         )   DEPT:  S13
    MIRICLE ISLAND; and DOES 1 through 10, )
19  inclusive,                          )
                                        )
20                                      )
                                        )
21            Defendants               )
                                        )
22  _____ )

23

24            **DECLARATIOIN OF CHRISTOPHER T. PLANTIER**

25  I, CHRISTOPHER T. PLANTIER declare:

26     1.   I am a document control officer for SELECT PORTFOLIO SERVICING ("SPS "). SELECT

27          PORTFOLIO SERVICING is the servicing agent for the Plaintiff, Wells Fargo Bank, N.A., as

28          Trustee, on behalf of the registered holders of Morgan Stanley ABS Capital I Inc. Trust 2005-

              Declaration of Christopher T. Plantier

WMC6, Mortgage Pass-Through Certificates, Series 2005-WMC6 ("Plaintiff").  I submit this declaration in support of Plaintiff's Motion for Summary Judgment.

2. SELECT PORTFOLIO SERVINCING maintains a computer database of acts, transactions, payments, communications, escrow account activity, disbursements, events, and analyses with respect to mortgage loans which SELECT PORTFOLIO SERVICING services ("Loan Documents").  The information described herein and referenced below is found in the business records of SELECT PORTFOLIO SERVICING.  The entries in those records are made at the time of the events and conditions they describe, either by people with first-hand knowledge of those events and conditions or from information provided by people with first-hand knowledge.  Recording such information is a regular business practice of SELECT PORTFOLIO SERVICING 's regularly conducted business activities.  I have access to the Loan Documents with respect to the subject loan and have knowledge of how they are maintained.  Based upon those records, I have gained knowledge of the facts set forth herein and, if called upon as a witness to testify, I could and would competently testify as to those facts, under penalty of perjury.

3. To the extent that the business records of the loan were created by a prior servicer, the prior servicer's records for the loan were integrated and boarded in SELECT PORTFOLIO SERVICING 's systems, such that the prior servicer's records concerning the loan are now part of SELECT PORTFOLIO SERVICING 's business records.  SELECT PORTFOLIO SERVICING maintains quality control and verification procedures as part of the boarding process to ensure the accuracy of the boarded records.  It is the regular practice of SELECT PORTFOLIO SERVICING to integrate prior servicer's records into SELECT PORTFOLIO SERVICING 's business records, and to rely upon the accuracy of those boarded records in providing loan servicing functions.  These prior service records are integrated and relied upon by SELECT PORTFOLIO SERVICING as part of SELECT PORTFOLIO SERVICING 's business records.

Declaration of Christopher T. Plantier

4. I personally have access to and have reviewed the Loan Documents related to the file of Michelle Blackwell ("Blackwell"), the former borrower.

5. Michelle Blackwell acquired the subject property commonly known as 2336, 2338 Unit 1, 2 & 3, Pasadena Ave., Long Beach, CA 90806 (the "Property") by way of a Grant Deed dated March 29, 2004 and recorded against the Property as Instrument Number 04 0774243 on April 1, 2004.

6. On March 29, 2005, WMC Mortgage Corp. ("Lender") made a loan to Michelle Blackwell, a single woman, in the principal amount of $585,000.00 evidenced by a promissory note and secured by a deed of trust ("Deed of Trust") encumbering the Property.

7. The Deed of Trust was recorded in the Official Records, County of Los Angeles, on April 13, 2005, as Instrument No. 05 0849141.

8. By way of a Substitution of Trustee dated October 14, 2013 and recorded November 19, 2013 as Instrument Number 20131640872 in the Official Records of Los Angeles County, the Wolf Firm was substituted as Trustee under the Deed of Trust.

9. Blackwell defaulted on her p[payment obligations under the Note and the Deed of Trust.

10. As a result of the default on November 15, 2013, The Wolf Firm ("Wolf"), the foreclosure trustee, issued a Notice of Default and Election to Sell Under Deed of Trust and caused it to be recorded in the LOS ANGELES County Recorder's office on November 19, 2013.

11. By way of an Assignment of Deed of Trust dated September 28, 2010 and recorded October 4, 2010 as Instrument Number 20101409924 in the Official Records of Los Angeles County, all beneficial interest under the Deed of Trust was assigned to the Plaintiff.

12. On August 23, 2012, Blackwell filed a Chapter 7 Bankruptcy Petition in the U.S. Bankruptcy Court for the Central District of California, which rec3eived Case NO. 2:12:bk-38806-RK. In Item 21 of Schedule B of the Bankruptcy Schedules, which required Blackwell to disclose "Contingent and unliquidated claims of every nature, including . . . counterclaims of the debtor and rights to setoff claims," Blackwell indicated "none."

Declaration of Christopher T. Plantier

13. On January 14, 2013,, the Bankruptcy Court entered a discharge in Blackwell's bankruptcy Chapter 7 case.

14. On May 8, 2018, Wolf executed a Notice of Trustee's Sale, and included a declaration verifying that the requirements of California Civil Code §2923.5 have been met. The Notice of Trustee's Sale was recorded in the Official Records, County of LOS ANGELES, on May 30, 2018, as Instrument No. 20180532805.

15. On June 19, 2018, Wells Fargo Bank, N.A., as Trustee, on behalf of the registered holders of Morgan Stanley ABS Capital I Inc. Trust 2005-WMC6, Mortgage Pass-Through Certificates, Series 2005-WMC6 was the highest bidder at the trustee's sale and took title the Property.  The Trustee's Deed Upon Sale was recorded in the Official Records, County of LOS ANGELES, on June 29, 2018, as Instrument No. 20180652220.

16. The Trustee's Deed Upon Sale contains the recital:

"This conveyance is made pursuant to the powers conferred upon Trustee by that certain Deed of Trust executed by MICHELLE BLACKWELL, A SINGLE WOMAN as Trustor dated 3/29/2005, and RECORDED ON 4/13/2005 AS INSTRUMENT #05 0849141 of official records of LOS ANGELES County, California, and after fulfillment of the conditions specified in said Deed of Trust authorizing this conveyance.  Default occurred as set forth in a Notice of Default and Election to Sell which was recorded in the Office of the Recorder of said County.  All requirements of law regarding the mailing of copies of notices or the publication of a copy of the Notice of Default or the personal delivery of the copy of the Notice of Default and the posting and publication of the copies of the Notice of a Sale have been complied with. Trustee, in compliance with said Notice of Trustee's Sale and in the exercise of its powers under said Deed of Trust, sold the herein described property at public auction on 6/19/2018."

17. After the Trustee's Deed upon Sale was recorded, on June 29, 2018, a notice to vacate was served by a licensed process server on Michelle Blackwell and All Other Occupants at the Property in compliance with Code of Civil Procedure section 1162.  Thereafter, the process server executed a Proof of Service attesting to the same.   More than three (3) days has elapsed since service of the notice to vacate, yet Defendant continues to

remain in possession of the Property.  Wells Fargo as Trustee was forced to file this action to recover possession of their property.

18. SELECT PORTFOLIO SERVICING 's business records contain no indication that Blackwell or any of the Defendants ever tendered any amount sufficient to reinstate the loan before the foreclosure sale or sufficient to pay off the loan after the foreclosure sale. SELECT PORTFOLIO SERVICING 's business records also contain no indication that Blackwell or any of the Defendants ever provided any documentation suggesting that they had sufficient funds to perform any offer to reinstate the loan before the foreclosure sale or sufficient to pay off the loan after the foreclosure sale.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.  Executed this 29th day of March, 2023 at Salt Lake City, Utah.


*Christopher T. Plantier*
Christopher T. Plantier


Declaration of Christopher T. Plantier

EXHIBIT 7

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Governor George Deukmejian Courthouse<br>275 Magnolia Ave, Long Beach, CA 90802 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>10/28/2019<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ K. Onorato _____ Deputy |
| PLAINTIFF/PETITIONER:<br>Wells Fargo Bank, N.A.; As Trustee, on Behalf of the Registered Holders of Morgan Stanley ABS Capital I Inc. Trust 2005-WMC6, Mortgage Pass-Through Certificates, Series 2005-WMC6 | |
| DEFENDANT/RESPONDENT:<br>Michelle Blackwell | |
| **CERTIFICATE OF MAILING** | CASE NUMBER:<br>19LBUD01412 |

**I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Minute Order (Non-Jury Trial; Hearing on Ex Parte Application Continuance t...) of 10/28/2019 upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Long Beach, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.**

Michelle Blackwell
2005 Palo Verde Ave. #152
Long Beach, CA  90815

Nabeel M. Zuberi
McCalla Raymer Leibert Pierce, LLP
301 E Ocean Blvd, Ste 1720
Long Beach, CA  90802

Sherri R. Carter, Executive Officer / Clerk of Court

Dated: 10/28/2019

By:  K. Onorato
Deputy Clerk

**CERTIFICATE OF MAILING**

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

**Civil Division**

South District, Governor George Deukmejian Courthouse, Department S13

**19LBUD01412**
**WELLS FARGO BANK, N.A.; AS TRUSTEE, ON BEHALF**
**OF THE REGISTERED HOLDERS OF MORGAN STANLEY**
**ABS CAPITAL I INC. TRUST 2005-WMC6, MORTGAGE**
**PASS-THROUGH CERTIFICATES, SERIES 2005-WMC6 vs**
**MICHELLE BLACKWELL**

October 28, 2019
8:30 AM

Judge: Honorable Douglas W. Stern
Judicial Assistant: K. Onorato
Courtroom Assistant: None

CSR: Electronically Recorded FTR
ERM: None
Deputy Sheriff: None

APPEARANCES:

For Plaintiff(s): Nabeel M. Zuberi by Donna Seyedi

For Defendant(s): Michelle Blackwell

**NATURE OF PROCEEDINGS:** Non-Jury Trial; Hearing on Ex Parte Application Continuance trial or in the alternative request for temporary stay

The Defendant's Motion re: and Motion To Continue Trial; Points And Authorities; Declaration of Michelle Blackwell filed by Michelle Blackwell on 10/21/2019 is Denied.

Matter is called for trial. Both parties are sworn to testify. Mike Potier and Dean Carroll are sworn to testify before the Court.

All exhibits will be returned to counsel after the trial is completed, for safekeeping until the time for appeal has expired.

Court orders judgment entered for Defendant Michelle Blackwell against Plaintiff Wells Fargo Bank, N.A.; As Trustee, on Behalf of the Registered Holders of Morgan Stanley ABS Capital I Inc. Trust 2005-WMC6, Mortgage Pass-Through Certificates, Series 2005-WMC6 on the Complaint filed by Wells Fargo Bank, N.A.; As Trustee, on Behalf of the Registered Holders of Morgan Stanley ABS Capital I Inc. Trust 2005-WMC6, Mortgage Pass-Through Certificates, Series 2005-WMC6 on 06/20/2019 for a total of $0.00.

Other: EXPLANATION: Plaintiff failed to prove the Defendant Blackwell is in possession or claims any right to possess the real property. She admitted that she is not in possession and claims no right to possession. She claimed that in June 2016 she transferred all her rights by deed to a third party. Since there is no possession, no claim of possession and no evidence that any party in possession claims through Blackwell's right of possession, there is no basis for a judgment against Blackwell for possession. No other issues are decided by the Court in this

---

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
South District, Governor George Deukmejian Courthouse, Department S13

**19LBUD01412**                                                                  October 28, 2019
**WELLS FARGO BANK, N.A.; AS TRUSTEE, ON BEHALF**                                      8:30 AM
**OF THE REGISTERED HOLDERS OF MORGAN STANLEY**
**ABS CAPITAL I INC. TRUST 2005-WMC6, MORTGAGE**
**PASS-THROUGH CERTIFICATES, SERIES 2005-WMC6 vs**
**MICHELLE BLACKWELL**

Judge: Honorable Douglas W. Stern                    CSR: Electronically Recorded FTR
Judicial Assistant: K. Onorato                       ERM: None
Courtroom Assistant: None                            Deputy Sheriff: None

action.

The following event is advanced to this date and vacated:
11/04/2019 8:30 AM Hearing on Motion - Other and Motion To Continue Trial; Points And
Authorities; Declaration of Michelle Blackwell in Department S13

Certificate of Mailing is attached.

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
### Civil Division
South District, Governor George Deukmejian Courthouse, Department S13

August 10, 2022
8:30 AM

19LBUD01642
WELLS FARGO BANK, N.A., AS TRUSTEE, ON BEHALF
OF THE REGISTERED HOLDERS OF MORGAN STANLEY
ABS CAPITAL I INC. TRUST 2005-WMC6, vs MICHELLE
BLACKWELL

Commissioner: Honorable Gregory S. Lesser
Judicial Assistant: K. Onorato
Courtroom Assistant: None

CSR: Electronically Recorded FTR
ERM: None
Deputy Sheriff: None

APPEARANCES:

For Plaintiff(s): Nabeel M. Zuheri by Mark Domeyer for

For Defendant(s): Ann Lizana (Telephonic)

**NATURE OF PROCEEDINGS:** Non-Jury Trial

It is hereby stipulated by Plaintiff's Counsel and Defendant that this matter may be heard by Commissioner Gregory S. Lesser for all further proceedings.

The stipulation is signed and filed this date.

Matter is called for hearing on Defendant's Motion for Summary Judgment.

Parties are sworn and testify.

Matter is heard with case 19LBUD01651 and case 19LBUD02648.

On the Court's own motion, the Hearing on Motion for Summary Judgment scheduled for 08/22/2022 is advanced to this date and heard .

The Defendant's Motion for Summary Judgment filed by Ann Lizana on 07/27/2022 is Granted.

Court orders judgment entered for Defendant Ann Lizana against Plaintiff Wells Fargo Bank, N.A., as Trustee, on Behalf of the Registered Holders of Morgan Stanley ABS Capital I Inc. Trust 2005-WMC6, Mortgage Pass-Through Certificates, Series 2005-WMC6 on the Complaint filed by Wells Fargo Bank, N.A., as Trustee, on Behalf of the Registered Holders of Morgan Stanley ABS Capital I Inc. Trust 2005-WMC6, Mortgage Pass-Through Certificates, Series 2005-WMC6 on 07/19/2019 for a total of $0.00.

The following event is advanced to this date and vacated:

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

## Civil Division

South District, Governor George Deukmejian Courthouse, Department S13

**19LBUD01642**                                                                    August 10, 2022
**WELLS FARGO BANK, N.A., AS TRUSTEE, ON BEHALF**                                     8:30 AM
**OF THE REGISTERED HOLDERS OF MORGAN STANLEY**
**ABS CAPITAL I INC. TRUST 2005-WMC6, vs MICHELLE**
**BLACKWELL**

Commissioner: Honorable Gregory S. Lesser          CSR: Electronically Recorded FTR
Judicial Assistant: K. Onorato                     ERM: None
Courtroom Assistant: None                          Deputy Sheriff: None

08/22/2022 1:30 PM Hearing on Motion for Summary Judgment in Department S13

The Court orders the Complaint filed by Wells Fargo Bank, N.A., as Trustee, on Behalf of the
Registered Holders of Morgan Stanley ABS Capital I Inc. Trust 2005-WMC6, Mortgage Pass-
Through Certificates, Series 2005-WMC6 on 07/19/2019 dismissed without prejudice.

The following event(s) is/are advanced to this date and vacated:
08/22/2022 1:30 PM Hearing on Motion for Summary Judgment in Department S13

On the Court's own motion, the Non-Jury Trial scheduled for 08/10/2022 is vacated .

Clerk gives notice to parties.

Certificate of Mailing is attached.

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
South District, Governor George Deukmejian Courthouse, Department S13

**19LBUD01651**
**WELL FARGO BANK, N.A., AS TRUSTEE, ON BEHALF OF**
**THE REGISTERED HOLDERS OF MORGAN STANLEY**
**ABS CAPITAL 1 INC. TRUST 2005-WMC6, vs MICHELLE**
**BLACKWELL**

August 10, 2022
8:30 AM

Commissioner: Honorable Gregory S. Lesser
Judicial Assistant: K. Onorato
Courtroom Assistant: None

CSR: Electronically Recorded FTR
ERM: None
Deputy Sheriff: None

APPEARANCES:

For Plaintiff(s): Nabeel M. Zuberi by Mark Domeyer for

For Defendant(s): Ann Lizana (Telephonic)

**NATURE OF PROCEEDINGS:** Non-Jury Trial

It is hereby stipulated by Plaintiff's COunsel and Defendant that this matter may be heard by
Commissioner Gregory S. Lesser for all further proceedings.

The stipulation is signed and filed this date.

Matter is called for hearing on Defendant's Motion for Summary Judgment.

Parties are sworn and testify.

Matter is heard with case 19LBUD02648 and case 19LBUD01642.

The Court having fully considered the arguments of all parties, both written and oral, as well as
the evidence presented, now rules as follows: Motion for Summary Judgment is GRANTED.

Court orders judgment entered for Defendant Ann Lizana against Plaintiff Well Fargo Bank,
N.A., As Trustee, on Behalf of the Registered Holders of Morgan Stanley ABS Capital 1 Inc.
Trust 2005-WMC6, Mortgage Pass-Through Certificates, Series 2005-WMC6 on the Complaint
filed by Well Fargo Bank, N.A., As Trustee, on Behalf of the Registered Holders of Morgan
Stanley ABS Capital 1 Inc. Trust 2005-WMC6, Mortgage Pass-Through Certificates, Series
2005-WMC6 on 07/19/2019 for a total of $0.00.

The Court orders the Complaint filed by Well Fargo Bank, N.A., As Trustee, on Behalf of the

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

### Civil Division

South District, Governor George Deukmejian Courthouse, Department S13

**19LBUD02648**
**WELLS FARGO BANK, N.A., AS TRUSTEE, ON BEHALF**
**OF THE REGISTERED HOLDERS OF MORGAN STANLEY**
**ABS CAPITAL I INC. TRUST 2005-WMC6, vs B L**
**BLACKWELL, et al.**

August 10, 2022
8:30 AM

Commissioner: Honorable Gregory S. Lesser
Judicial Assistant: K. Onorato
Courtroom Assistant: None

CSR: Electronically Recorded FTR
ERM: None
Deputy Sheriff: None

APPEARANCES:

For Plaintiff(s): Nabeel M. Zuberi by Mark Domeyer for

For Defendant(s): Ann Lizana (Telephonic)

**NATURE OF PROCEEDINGS:** Non-Jury Trial

It is hereby stipulated by Plaintiff's Counsel and Defendant that this matter may be heard by
Commissioner Gregory S. Lesser for all further proceedings.

The stipulation is signed and filed this date.
Matter is called for hearing on Defendant's Motion for Summary Judgment.

Parties are sworn and testify.

Matter is heard with case 19LBUD01651 and case 19LBUD01642.

The Court having fully considered the arguments of all parties, both written and oral, as well as
the evidence presented, now rules as follows: Motion for Summary judgment is GRANTED.

Court orders judgment entered for Defendant Ann Lizana against Plaintiff Wells Fargo Bank,
N.A., As Trustee, On Behalf Of The Registered Holders Of Morgan Stanley ABS Capital I Inc.
Trust 2005-WMC6, Mortgage Pass-Through Certificates, Series 2005-WMC6 on the Complaint
filed by Wells Fargo Bank, N.A., As Trustee, On Behalf Of The Registered Holders Of Morgan
Stanley ABS Capital I Inc. Trust 2005-WMC6, Mortgage Pass-Through Certificates, Series
2005-WMC6 on 11/05/2019 for a total of $0.00.

The Court orders the Complaint filed by Wells Fargo Bank, N.A., As Trustee, On Behalf Of The
Registered Holders Of Morgan Stanley ABS Capital I Inc. Trust 2005-WMC6, Mortgage Pass-

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
South District, Governor George Deukmejian Courthouse, Department 513

19LBUB016/4
WELLS FARGO BANK, N.A., AS TRUSTEE, ON BEHALF
OF THE REGISTERED HOLDERS OF MORGAN STANLEY
ABS CAPITAL I INC. TRUST 2005-WMC6, vs MICHELLE
BLACKWELL

July 20, 2022
1:30 PM

Judge Pro Tem: Joseph Donnini
Judicial Assistant: K. Onorato
Courtroom Assistant: None

CSR: Electronically Recorded FTR
ERM: None
Deputy Sheriff: None

APPEARANCES:

For Plaintiff(s): No Appearances

For Defendant(s): No Appearances

**NATURE OF PROCEEDINGS:** Order to Show Cause Re: Failure to Prosecute

Matter is called for hearing on Order to Show Cause Re: Failure to Prosecute.

No appearance by Plaintiff or Defendant. The Court orders the entire action dismissed without prejudice for lack of prosecution by the Plaintiff.

The Court orders the Complaint filed by Wells Fargo Bank, N.A., as Trustee, on Behalf of the Registered Holders of Morgan Stanley ABS Capital I Inc. Trust 2005-WMC6, Mortgage Pass-Through Certificates, Series 2005-WMC6 on 07/23/2019 dismissed without prejudice.

Certificate of Mailing is attached.